**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **SOUTHEASTERN EMERGENCY PHYSICIANS, LLC** | **PLAINTIFF** |
| v.        CASE NO. 4:17-cv-492-KGB | |
| **ARKANSAS HEALTH & WELLNESS HEALTH PLAN, INC.** and **CELTIC INSURANCE COMPANY d/b/a ARKANSAS HEALTH & WELLNESS INSURANCE COMPANY** | **DEFENDANTS** |

## FIRST AMENDED COMPLAINT

Plaintiff Southeastern Emergency Physicians, LLC ("Plaintiff" or "SE Physicians"), by and through its undersigned counsel, alleges as follows:

### Nature of the Action

1. This action arises out of the failure by Defendants Arkansas Health & Wellness Health Plan, Inc. and/or Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company (collectively "Ambetter" or "Defendants") to fully pay SE Physicians for the emergency medicine services SE Physicians has provided and continues to provide to patients covered under the commercial, fully insured health plans underwritten and administered by one or both of the Defendants (the "Health Plans").[1] This failure violates the implied-in-fact/implied-in-law contract between SE Physicians and Ambetter.

2. To date, Ambetter has made only partial payments on the claims at issue in this action. These payments were made at an amount far below the value of

---

[1] Patients covered under Health Plans for whom covered services were performed by SE Physicians but not reimbursed correctly by Ambetter shall be referred to as "Ambetter Patients."

SE Physicians' services required by the parties' implied-in-fact/implied-in-law contract. Accordingly, this action concerns a dispute over the ***rate of*** payment owed by Ambetter to SE Physicians, and not SE Physicians' ***right to*** payments for the services provided to Ambetter Patients.[2]

3. Ambetter has agreed that it is obligated to pay SE Physicians for the services it provides to Ambetter Patients.

4. SE Physicians is obligated by federal law and by its contractual arrangements with the hospitals it staffs to provide emergency medicine services to Ambetter Patients.

5. SE Physicians is obligated by contract to provide emergency medicine services to Ambetter Patients.

6. For all of the claims at issue in this action, SE Physicians provided emergency medicine services to Ambetter Patients as a "non-participating provider."

7. As a "non-participating provider," SE Physicians ***did not*** provide its services pursuant to any agreement with Ambetter to accept discounted rates from Ambetter for SE Physicians' services. SE Physicians did not agree to be bound by Ambetter's reimbursement policies or rate schedules. SE Physicians' claims for additional payments still due and owing from Ambetter for the emergency medicine

---

[2] For avoidance of doubt, this action does ***not*** involve any claims arising out of the denial of benefits under any of the Health Plans, or the denial of coverage for any services provided to Ambetter Patients. This action further does ***not*** include any claim by the Plaintiff for benefits under a Health Plan based on an assignment of benefits from any Ambetter Patient.

services provided to Ambetter Patients are hereinafter referred to as the "Non-Participating Claims."

8. The Non-Participating Claims upon which SE Physicians brings suit are all for services rendered to Ambetter Patients covered under fully insured products subject to Arkansas law. Therefore, they do not include any claims for services SE Physicians rendered to patients covered under any health plan subject to the federal Employee Retirement Income Security Act of 1974 (ERISA) or related regulations.

9. Ambetter has unilaterally and arbitrarily refused to fully and adequately reimburse SE Physicians on the Non-Participating Claims for services to Ambetter Patients.

10. Due to its unilateral and arbitrary refusal to properly reimburse SE Physicians under Arkansas law, Ambetter has wrongfully and materially reduced the amount of its payments for emergency medicine services provided to Ambetter Patients by SE Physicians. This refusal leaves a substantial amount due and owing to SE Physicians for services already rendered to Ambetter Patients.

11. The amount due and owing SE Physicians from Ambetter continues to increase and accrue as SE Physicians continues to render emergency medicine services to Ambetter Patients for which Ambetter fails to properly compensate SE Physicians.

## Parties

12. SE Physicians is a limited liability company that provides emergency medicine services to hospital patients. SE Physicians has one sole member,

Southeastern Physician Associates, LLC. The sole member for Southeastern Physician Associates, LLC is Team Health, Inc. Team Health, Inc. is incorporated in Tennessee and has its principal place of business in Tennessee. Therefore, SE Physicians exists under the laws of and is a citizen of the State of Tennessee. SE Physicians' principal place of business is 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee, 37919.

13. Ambetter covers Ambetter Patients under the commercial, fully insured Health Plans underwritten and administered by one or both of the Defendants. *See* https://ambetter.arhealthwellness.com/ (visited August 7, 2018 and November 28, 2018) (among others, *see* "Ambetter from Arkansas Health & Wellness delivers quality healthcare solutions that help Arkansas residents live better." "Ambetter from Arkansas Health & Wellness offers different levels of plans."). Based on the information available to it, SE Physicians has been unable to determine which of the Defendants is involved in underwriting and administering Ambetter Health Plans. Pursuant to Fed. R. Civ. P. 11(b)(3), SE Physicians states that its claims against at least one of the Defendants will likely have evidentiary support after a reasonable opportunity for further investigation or discovery and that, to the extent that SE Physicians is ultimately satisfied that one of the Defendants was not involved in underwriting and administering Ambetter Health Plans, it will voluntarily dismiss that Defendant. To the extent both Defendants remain as parties, joint and several relief is sought.

14. Defendant Arkansas Health & Wellness Plan, Inc. is an Arkansas corporation. Its principal place of business is 1 Allied Drive, Building 1, Floor 4, Little Rock, Arkansas, 72202, and its registered agent's address is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201. Therefore, Defendant Arkansas Health & Wellness Plan, Inc. exists under the laws of and is a citizen of the State of Arkansas.

15. Defendant Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company is an Illinois corporation. Its principal place of business is 77 W. Wacker Drive, Suite 1200, Chicago, Illinois 60601, and its registered agent's address is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201. Therefore, Defendant Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company exists under the laws of and is a citizen of the State of Illinois.

## Jurisdiction and Venue

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this Judicial District, and because Ambetter conducts a substantial amount of business in this Judicial District.

**Facts**

17. SE Physicians is an emergency medicine group practice that staffs the emergency departments at hospitals and other licensed health care facilities in Arkansas, including Mercy Hospital Rogers, Mercy Emergency Department – Bella Vista, and NEA Baptist Memorial Hospital.

18. SE Physicians provides emergency medicine care and related services to individuals, including Ambetter Patients, presenting to those emergency departments.

19. In exchange for premiums and/or other compensation paid by or on behalf of Ambetter Patients, Ambetter pays for health care services rendered to Ambetter Patients.

20. SE Physicians is obligated by federal law to treat any individual presenting to the emergency department and to provide stabilizing treatment to any such individual with an emergency medicine condition, regardless of the individual's insurance coverage or ability to pay.

21. SE Physicians is obligated by its contracts with the hospitals it staffs to treat any individual presenting to the emergency department and to provide stabilizing treatment to any such individual with an emergency medicine condition, regardless of the individual's insurance coverage or ability to pay.

22. Since January 1, 2015, SE Physicians has been providing professional emergency medicine services to Ambetter Patients.

23. Since January 1, 2015, Ambetter's payments to SE Physicians for its services have been materially below (1) SE Physicians' billed charges and (2) the

rates other third-party payors have agreed to pay SE Physicians for the same services.

24. SE Physicians has never agreed to accept payment for these emergency services at the discounted rate paid by Ambetter.

25. SE Physicians has never agreed to be bound by Ambetter's reimbursement policies or rate schedules with respect to any of the Non-Participating Claims.

26. All of the Non-Participating Claims at issue in this lawsuit have been adjudicated by Ambetter as medically necessary, covered services for which Ambetter is obligated to pay on behalf of the Ambetter Patients.

27. Ambetter has wrongfully limited payments to SE Physicians for its services to Ambetter Patients.

28. SE Physicians brought Ambetter's breaches to Ambetter's attention via numerous letters and emails.

29. By email correspondence on November 17, 2016, SE Physicians detailed the shortfalls caused by Ambetter's breaches.

30. By email correspondence on January 31, 2017, Ambetter announced that it was refusing to pay SE Physicians what it was owed.

31. As of February 2017, Ambetter owed SE Physicians hundreds of thousands of dollars as a result of underpayments made for SE Physicians' treatment of Ambetter Patients.

32. By email correspondence on March 20, 2017, Ambetter again refused to pay SE Physicians what it was owed, proposing instead to pay a lower amount based on a reduced percentage of Medicare-based reimbursement rates.

33. SE Physicians rejected Ambetter's attempt to avoid paying what Ambetter owes SE Physicians under Arkansas law.

34. Ambetter continues to underpay SE Physicians for Non-Participating Claims arising out of covered emergency medicine services rendered to Ambetter Patients.

35. SE Physicians seeks a declaratory judgment establishing the appropriate payment rate for Non-Participating Claims arising out of covered emergency medicine services provided by SE Physicians, in order to avoid continued harm to SE Physicians.

36. SE Physicians also seeks recovery of the damages it has suffered, and continues to suffer, as a result of Ambetter's failure to pay SE Physicians the value of its emergency medicine services.

## COUNT I
## Breach of Implied-in-Fact Contract

37. SE Physicians re-alleges and restates paragraphs 1 through 36 as if they were fully set forth herein.

38. SE Physicians has undertaken to provide emergency medicine services to Ambetter Patients, and Ambetter has undertaken to pay for such services provided to Ambetter Patients.

39. Through the parties' conduct and respective undertaking of obligations concerning emergency medicine services provided to Ambetter Patients, the parties impliedly agreed that Ambetter would reimburse SE Physicians for Non-Participating Claims at a rate reflecting the value of the professional emergency medicine services provided in accordance with Arkansas law.

40. SE Physicians had a reasonable expectation and understanding that Ambetter would reimburse SE Physicians for Non-Participating Claims at a rate reflecting the value of the professional emergency medicine services provided in accordance with Arkansas law.

41. Ambetter has received and accepted SE Physicians' bills for the emergency medicine services it has provided and continues to provide to Ambetter Patients.

42. Ambetter has consistently adjudicated and paid, and continues to adjudicate and pay, SE Physicians directly for the Non-Participating Claims, albeit at amounts less than the value of the services rendered.

43. By assuming responsibility for paying for the emergency medical services provided to Ambetter Patients, Ambetter is both obligated under Arkansas law, and has impliedly agreed, to reimburse SE Physicians at rates in accordance with the standards established by Arkansas law. Those rates, at a minimum, are equivalent to the value of the professional emergency medicine services rendered.

44. SE Physicians has billed Ambetter for the Non-Participating Claims, based on Ambetter's implied agreement to reimburse Plaintiff for those services at rates that complied with Arkansas law.

45. Ambetter breached its agreement and legal duties to SE Physicians by failing to pay it the value of the emergency medicine services SE Physicians has provided, and continues to provide, to Ambetter Patients.

46. At all material times, Ambetter knew that SE Physicians had not agreed to accept payment for its services at a discounted rate or to be bound by Ambetter's reimbursement policies or rate schedules.

47. SE Physicians has performed all obligations under its implied contract with Ambetter by rendering emergency medicine services to Ambetter Patients.

48. At all material times, all conditions precedent have occurred that were necessary for Ambetter to perform its obligation to pay SE Physicians on the Non-Participating Claims at the full value of the emergency medicine services SE Physicians provided to Ambetter Patients.

49. As a result of Ambetter's breach of the implied contract to pay SE Physicians on the Non-Participating Claims at the full value of its services, SE Physicians has suffered injury, and it is entitled to monetary damages from Ambetter to compensate it for that injury.

50. SE Physicians seeks an award of damages, in an amount that will continue to accrue through the date of trial as a result of Ambetter's continuing breach of the implied contract, equal to the difference between (1) the lesser of

Plaintiff's billed charges and the full value of the services it has provided, and continues to provide, to Ambetter Patients, and (2) the amount Ambetter adjudicated as the allowable amount for those services, plus interest pursuant to Ark. Code Ann. § 23-66-215 and other provisions of Arkansas law.

## COUNT II
## Unjust Enrichment/Breach of Implied-in-Law Contract

51. SE Physicians re-alleges and restates paragraphs 1 through 50 as if they were fully set forth herein.

52. SE Physicians conferred a benefit upon Ambetter by providing valuable emergency medicine services to Ambetter Patients based on Ambetter's commitment that it would pay for those services. Ambetter derives a benefit from SE Physicians' provision of emergency medicine services to Ambetter Patients, because it is through SE Physicians' provision of those services that Ambetter fulfills its obligations to Ambetter Patients and earns, in part, premiums paid by, or on behalf of, Ambetter Patients.

53. There is no dispute that the emergency medicine services at issue provided by SE Physicians were covered under the Ambetter Patients' Health Plans. Ambetter adjudicated and paid in part for those services as covered but did so at an amount less than the full value of the services provided.

54. Ambetter voluntarily accepted, retained, and enjoyed, and continues to accept, retain, and enjoy, the benefits conferred upon it by SE Physicians, knowing that SE Physicians expects to be paid the full value of its services.

55.     Ambetter has failed to pay the full value of the benefit conferred upon it by SE Physicians' performance of the emergency medicine services underlying the Non-Participating Claims.

56.     By underpaying SE Physicians on the Non-Participating Claims, Ambetter has been unjustly and inequitably enriched at SE Physicians' expense. Under these circumstances, it is unjust for Ambetter to retain the benefit it received without paying the full amount of the value of that benefit, *i.e.*, by paying SE Physicians quantum meruit or the full value of the emergency medicine services SE Physicians provided to Ambetter Patients.

57.     SE Physicians seeks compensatory damages, in an amount that will continue to accrue through the date of trial, equal to the difference between (1) the lesser of its billed charges and the value of the emergency medicine services it has provided, and continues to provide, to Ambetter Patients, and (2) the amount Ambetter adjudicated as the allowable amount for those services, plus interest pursuant to Ark. Code Ann. § 23-66-215 and other provisions of Arkansas law.

## COUNT III
## Declaratory Relief

58.     SE Physicians re-alleges and restates paragraphs 1 through 57 as if they were fully set forth herein.

59.     Pursuant to 28 U.S.C. § 2201, SE Physicians seeks a declaration that Ambetter is obligated, going forward, to pay SE Physicians' Non-Participating Claims at rates equal to the lesser of its billed charges and the full value of the

emergency medicine services provided to Ambetter Patients and submitted to Ambetter for payment.

60. There is an actual controversy between the parties concerning the amount Ambetter must pay to SE Physicians to compensate it for emergency medicine services provided to Ambetter Patients.

61. A declaratory judgment is necessary to resolve that controversy and avoid further ongoing and future harm to SE Physicians.

62. All interested parties are presently before the Court.

63. A judicial declaration is necessary and appropriate to clarify the parties' rights and obligations.

**JURY TRIAL DEMAND**

64. SE Physicians demands a trial by jury on all issues so triable.

WHEREFORE, SE Physicians prays that this Court:

1. Decree pursuant to Count III that Ambetter must pay SE Physicians at rates equal to the lesser of SE Physicians' billed charges and the value of the emergency medicine services it provides for all Non-Participating Claims submitted by SE Physicians to Ambetter for emergency medicine services to Ambetter Patients, including prior claims previously paid in part by Ambetter.

2. Enter judgment against Ambetter and for SE Physicians on Count I in an amount representing the difference between (1) the lesser of SE Physicians' billed charges and the value of the emergency medicine services SE Physicians provided to Ambetter Patients, as determined at trial, and (2) the amounts

arbitrarily and unilaterally paid by Ambetter on the Non-Participating Claims for those services.

3. Alternatively, enter judgment against Ambetter and for SE Physicians on Count II in an amount representing the difference between (1) the lesser of SE Physicians' billed charges and the value of the emergency medicine services SE Physicians provided to Ambetter Patients, and (2) the amounts arbitrarily and unilaterally paid by Ambetter on the Non-Participating Claims for those services.

4. Enter a declaratory judgment as to past, present and future amounts due to SE Physicians.

5. Award SE Physicians pre- and post-judgment interest on all amounts found due, at the maximum rate allowed under applicable law.

6. Award SE Physicians its fees and costs associated with this litigation.

7. Award such further relief as this Court deems just and proper.

    Respectfully submitted,

    WRIGHT, LINDSEY & JENNINGS LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, AR 72201
    Telephone: (501) 371-0808
    Facsimile: (501) 376-9442
    Email: jhenry@wlj.com
           dglover@wlj.com
           mthompson@wlj.com

By: /s/ Judy S. Henry
    Judy Simmons Henry (84069)
    David P. Glover (99148)
    Michael A. Thompson (2010146)

*Attorneys for Plaintiff Southeastern Emergency Physicians, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

C. David Goerisch
R. Bradley Ziegler
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
*dgoerisch@lewisrice.com*
*bziegler@lewisrice.com*

*Attorneys for Defendants*

              /s/ Judy S. Henry
              Judy Simmons Henry