## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| SOUTHEASTERN EMERGENCY PHYSICIANS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:17-cv-492-KGB |
| ARKANSAS HEALTH & WELLNESS HEALTH PLAN, INC. and CELTIC INSURANCE COMPANY d/b/a ARKANSAS HEALTH & WELLNESS INSURANCE COMPANY | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CELTIC INSURANCE D/B/A ARKANSAS HEALTH & WELLNESS INSURANCE COMPANY

COMES NOW Defendant Celtic Insurance Company d/b/a/ Arkansas Health & Wellness Insurance Company ("Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff Southeastern Emergency Physicians, LLC's ("Plaintiff") First Amended Complaint, states as follows:

### Nature of the Action

1.    Defendant denies the allegations set forth in Paragraph 1.

2.    Defendant denies the allegations set forth in Paragraph 2. With respect to footnote 2 to Paragraph 2, Defendant admits Plaintiff has not brought claims arising out of the denial of benefits under any of the Ambetter Health Plans, or the denial of coverage for any services provided to Ambetter Patients; and Defendant admits Plaintiff has not brought a claim for benefits under any Ambetter Health Plan based on an assignment of benefits from any Ambetter Patient. Defendant denies any remaining allegations in footnote 2.

3.     Defendant denies the allegations set forth in Paragraph 3.

4.     The allegations in Paragraph 4 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4, and therefore denies the same.

5.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5, and therefore denies the same.

6.     Defendant admits that any emergency medicine services provided by Plaintiff to Ambetter patients would have been as a non-participating provider. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 6, and therefore denies the same.

7.     Defendant admits that, as a non-participating provider, Plaintiff did not have an agreement with Defendant relating to reimbursement rates for services rendered to Ambetter patients.  Defendant denies the remaining allegations in Paragraph 7.

8.     The allegations in Paragraph 8 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8, and therefore denies the same.

9.     Defendant denies the allegations set forth in Paragraph 9.

10.    Defendant denies the allegations set forth in Paragraph 10.

11.    Defendant denies the allegations set forth in Paragraph 11.

### Parties

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12, and therefore denies the same.

2

13.     Defendant Celtic Insurance Company d/b/a/ Arkansas Health & Wellness Insurance Company admits it provides coverage to its insureds under commercial, fully-insured health plans regulated by the Affordable Care Act and that those health plans are underwritten and administered by Defendant Celtic Insurance Company d/b/a/ Arkansas Health & Wellness Insurance Company.  Defendant denies the remaining allegations in Paragraph 13.

14.     Upon information and belief, Defendant admits the allegations set forth in Paragraph 14.

15.     Defendant admits the allegations in Paragraph 15.

### Jurisdiction and Venue

16.     Defendant admits that this Court has jurisdiction over this action and that this Court is the proper venue for this action.  Defendant denies any remaining allegations set forth in Paragraph 16.

### Facts

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17, and therefore denies the same.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18, and therefore denies the same.

19.     Defendant admits that it issues insurance policies to Ambetter patients in exchange for premiums and admits that those insurance policies govern whether, and to what extent, any payments are made for health care services rendered to Ambetter patients. Defendant denies any remaining allegation set forth in Paragraph 19.

20.     The allegations in Paragraph 20 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20, and therefore denies the same.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21, and therefore denies the same.

22.     Defendant admits that Plaintiff has provided professional emergency medicine services to certain of Defendant's insureds since January 1, 2015.  Defendant denies the remaining allegations in Paragraph 22.

23.     Defendant denies the allegations set forth in Paragraph 23.

24.     Defendant denies the allegations set forth in Paragraph 24.

25.     Defendant denies the allegations set forth in Paragraph 25.

26.     Defendant denies the allegations set forth in Paragraph 26.

27.     Defendant denies the allegations set forth in Paragraph 27.

28.     Defendant admits that Plaintiff sent certain correspondence to Defendant, the terms of which speak for themselves.  Defendant denies the remaining allegations in Paragraph 28.

29.     Defendant admits an individual sent e-mail correspondence to Defendant on November 17, 2016 on behalf of Plaintiff, the terms of which speak for themselves.  Defendant denies the remaining allegations in Paragraph 29.

30.     Defendant admits e-mail correspondence was sent to Plaintiff on January 31, 2017, the terms of which speak for themselves.  Defendant denies the remaining allegation in Paragraph 30.

31.    Defendant denies the allegations set forth in Paragraph 31.

32.    Defendant admits e-mail correspondence on March 20, 2017, the terms of which speak for themselves. Defendant denies the remaining allegations in Paragraph 32.

33.    Defendant denies the allegations set forth in Paragraph 33.

34.    Defendant denies the allegations set forth in Paragraph 34.

35.    Defendant admits Plaintiff purports to seek a declaratory judgment. Defendant denies that it is entitled to any such relief. Defendant denies the remaining allegations set forth in Paragraph 35.

36.    Defendant admits Plaintiff purports to seek damages. Defendant denies that Plaintiff has suffered any damages and denies that Plaintiff is entitled to any relief sought. Defendant denies the remaining allegations set forth in Paragraph 36.

## COUNT I
### Breach of Implied-in-Fact Contract

37.    Defendant incorporates its answers to Paragraphs 1 through 36 as if fully set forth herein.

38.    Defendant admits Plaintiff provided emergency medicine services to certain of Defendant's insureds and that Defendant made certain payments direct to Plaintiff on behalf of Defendant's insureds based upon its agreements with its insureds. Defendant denies the remaining allegations in Paragraph 38.

39.    Defendant denies the allegations set forth in Paragraph 39.

40.    Defendant denies the allegations set forth in Paragraph 40.

41.    Defendant denies the allegations set forth in Paragraph 41.

42.    Defendant denies the allegations set forth in Paragraph 42.

43.    Defendant denies the allegations set forth in Paragraph 43.

44.     Defendant denies the allegations set forth in Paragraph 44.

45.     Defendant denies the allegations set forth in Paragraph 45.

46.     Defendant denies the allegations set forth in Paragraph 46.

47.     Defendant denies the allegations set forth in Paragraph 47.

48.     Defendant denies the allegations set forth in Paragraph 48.

49.     Defendant denies the allegations set forth in Paragraph 49.

50.     Defendant denies the allegations set forth in Paragraph 50.

## COUNT II
## Unjust Enrichment/Breach of Implied-in-Law Contract

51.     Defendant incorporates its answers to Paragraphs 1 through 50 as if fully set forth herein.

52.     Defendant denies the allegations set forth in Paragraph 52.

53.     Defendant denies the allegations set forth in Paragraph 53.

54.     Defendant denies the allegations set forth in Paragraph 54.

55.     Defendant denies the allegations set forth in Paragraph 45.

56.     Defendant denies the allegations set forth in Paragraph 56.

57.     Defendant denies the allegations set forth in Paragraph 57.

## COUNT III
## Declaratory Relief

58.     Defendant incorporates its answers to Paragraphs 1 through 57 as if fully set forth herein.

59.     Defendant admits Plaintiff purports to seek a declaration as described in Paragraph 59.  Defendant denies that any such declaration is proper.  Defendant denies any remaining allegations set forth in Paragraph 59.

60.     Defendant admits there is a controversy between the parties concerning the amount of Defendant's payments on behalf of certain of its insureds to Plaintiff for services rendered to those insureds.  Defendant denies that Plaintiff's claims have any basis in law or fact.  Defendant denies any remaining allegations in Paragraph 60.

61.     Defendant denies the allegations set forth in Paragraph 61.

62.     Defendant denies the allegations set forth in Paragraph 62.

63.     Defendant denies the allegations set forth in Paragraph 63.

### JURY TRIAL DEMAND

64.     The allegations set forth in Paragraph 64 are a jury demand, to which no response is required.

65.     Defendant denies that Plaintiff is entitled to any of the relief set forth in its prayer for relief in its Complaint.

WHEREFORE, Defendant prays that judgment be rendered in its favor and against Plaintiff on Counts I, II, and III, that Defendant be awarded its costs and reasonable attorneys' fees, and that Defendant be awarded such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

In the alternative, without accepting any burden of proof that would not otherwise be borne by Defendant, Defendant pleads the following affirmative defenses:

### First Affirmative Defense

Plaintiff's claims are barred because express contracts govern the subject matter of this litigation.

### Second Affirmative Defense

Plaintiff's claims should be dismissed for failure to join an indispensable party.

### Third Affirmative Defense

Plaintiff's claims should be dismissed because Plaintiff lacks standing to bring claims based upon payments made by Defendant pursuant to agreements with Defendant's insureds for services rendered to Defendant's insureds.

### Fourth Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Plaintiff's claims for relief are barred by the doctrine of laches, waiver, and/or unclean hands.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### Seventh Affirmative Defense

Defendant is entitled to a set off to Plaintiff's claims for any and all amounts paid to Plaintiff and, therefore, pleads the affirmative defenses of credit, recoupment, and set off.

### Eighth Affirmative Defense

Plaintiff's claims are barred or preempted by the Affordable Care Act.

### Ninth Affirmative Defense

Defendant specifically reserves the right to assert any legal defense, affirmative or otherwise, to this action as may become apparent as discovery progresses and/or additional pleadings are filed.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint and grant it all other and further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

By:    /s/ C. David Goerisch
    C. David Goerisch, #95283AR
    R. Bradley Ziegler, (*pro hac vice*)
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Phone:  (314) 444-7600
    Fax:  (314) 241-6056

Attorneys for Defendant Celtic Insurance
Company d/b/a/ Arkansas Health &
Wellness Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 15th day of March, 2019, via this Court's ECF system to counsel of record, as set forth below:

Judy Simmons Henry
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
jhenry@wlj.com

David P. Glover
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
dglover@wlj.com

Michael A. Thompson
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
mthompson@wlj.com

*Attorneys for Plaintiff*

_____/s/ C. David Goerisch_____