**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| SOUTHEASTERN EMERGENCY PHYSICIANS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:17-cv-492-KGB |
| ARKANSAS HEALTH & WELLNESS HEALTH PLAN, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW Defendants Arkansas Health & Wellness Health Plan, Inc. ("Arkansas Health Plan"), Celtic Insurance Company d/b/a/ Arkansas Health & Wellness Insurance Company ("Celtic"), NovaSys Health, Inc. ("NovaSys"), and Centene Corporation ("Centene") (collectively, "Defendants"), by and through their undersigned counsel, and for their Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") of Plaintiff Southeastern Emergency Physicians, LLC ("Plaintiff") [ECF No. 95], states as follows:

**Nature of the Action**

1.      Defendants deny the allegations set forth in Paragraph 1 and deny that Plaintiff is entitled to any relief requested.

2.      Defendants deny the allegations set forth in Paragraph 2 and deny that Plaintiff is entitled to any relief requested.

3.     Defendants admit that Plaintiff's SAC purports to assert a claim to pierce corporate veils.  Defendants deny that Plaintiff is entitled to any such relief and deny any remaining allegations set forth in Paragraph 3.

4.     Defendants admit that Centene is the ultimate parent corporation of each of the other Defendants.   Defendants deny any remaining allegations set forth in Paragraph 4.

## Parties

5.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5, and therefore deny the same.

6.     Defendants admit that Celtic provides coverage to its insureds under health plans regulated by the Affordable Care Act and that Celtic underwrites and administers those health plans.  Defendants deny any remaining allegations set forth in Paragraph 6.

7.     Defendants admit the allegations set forth in Paragraph 7.

8.     Defendants admit that Celtic is an Illinois corporation, that Celtic has an office in Illinois, that Paragraph 8 sets forth the address of Celtic's registered agent in Arkansas, and that Celtic exists under the laws of, and is a citizen of, Illinois.  Defendants deny any remaining allegations set forth in Paragraph 8.

9.     Defendants admit that NovaSys is a Delaware corporation, that Paragraph 9 sets forth the address of NovaSys's principal place of business and registered agent in Arkansas, and that NovaSys exists under the laws of, and is a citizen of, Arkansas and Delaware.  Defendants lack knowledge or information sufficient to form a belief about

the truth of any remaining allegations set forth in Paragraph 9, and therefore deny the same.

10.     Defendants admit that Centene is the ultimate parent of each of the other Defendants, that Centene is a Delaware corporation, that Paragraph 10 sets forth the address of Centene's principal place of business in Missouri and its registered agent in Delaware, and the Centene exists under the laws of, and is a citizen of, Missouri and Delaware.  Defendants deny any remaining allegations set forth in Paragraph 10.

## Jurisdiction and Venue

11.     Defendants admit that this Court has jurisdiction over this action. Defendants deny any remaining allegations set forth in Paragraph 11.

12.     Defendants admit that this Court is the proper venue for this action. Defendants deny any remaining allegations set forth in Paragraph 12.

## Facts

**A.     SE Physicians.**

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13, and therefore deny the same.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14, and therefore deny the same.

15.     The allegations set forth in Paragraph 15 constitute a legal conclusion to which no response is required.  To the extent a response is required, upon information and belief, Defendants admit that the federal Emergency Medical Treatment and Labor Act (EMTALA) contains language requiring anyone coming to an emergency department with an emergency medical condition to be stabilized and treated, regardless of their

insurance status or ability to pay.  Defendants deny any remaining allegations set forth in

Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations set forth in Paragraph 16, and therefore deny the same.

**B.     Centene Corporation's [alleged] control and domination of the other Defendants.** [1]

17.     Defendants admit the allegations set forth in Paragraph 17.

18.     Defendants deny the allegations set forth in Paragraph 18.

19.     Defendants deny the allegations set forth in Paragraph 19.

20.     Defendants deny the allegations set forth in Paragraph 20.

21.     Defendants deny the allegations set forth in Paragraph 21.

22.     Defendants deny the allegations set forth in Paragraph 22.

23.     Defendants deny the allegations set forth in Paragraph 23.

24.     Defendants deny the allegations set forth in Paragraph 24.

25.     Defendants deny the allegations set forth in Paragraph 25.

26.     Defendants deny the allegations set forth in Paragraph 26.

27.     Defendants deny the allegations set forth in Paragraph 27.

28.     Defendants deny the allegations set forth in Paragraph 28.

29.     Defendants deny the allegations set forth in Paragraph 29.

30.     Defendants deny the allegations set forth in Paragraph 30.

**B.     [Sic] The NovaSys Contract.**

31.     Defendants admit the allegations set forth in Paragraph 31.

---

[1] Except for the insertion of "[alleged]," each of the headings used herein is the exact heading contained in Plaintiff's SAC.  By repeating them here, Defendants make no admissions regarding, and specifically denies the merits of, Plaintiff's claims and any adverse characterizations contained within or implied by these headings.

32.     Defendants admit the allegations set forth in Paragraph 32.

33.     Defendants deny the allegations set forth in Paragraph 33.

34.     Defendants admit the allegations set forth in Paragraph 34.

35.     Defendants admit the allegations set forth in Paragraph 35.

36.     Defendants deny the allegations set forth in Paragraph 36.

37.     Defendants admit the allegations set forth in Paragraph 37.

38.     Defendants admit the allegations set forth in Paragraph 38.

39.     Defendants admit that a purported contract between NovaSys Health, Inc. and Team Health is attached as Exhibit 1 to Plaintiff's SAC.  To the extent that a further response is required, Defendants state that the quoted provisions of this contract speak for themselves, and Defendants deny the allegations contained in Paragraph 39 to the extent the allegations contradict or mischaracterize this contract.   Defendants deny any remaining allegations set forth in Paragraph 39.

40.     The allegations set forth in Paragraph 40 constitute a legal conclusion to which no response is required.   To the extent that a further response is required, Defendants state that the provisions of this contract speak for themselves, and Defendants deny the allegations contained in Paragraph 40 to the extent the allegations contradict or mischaracterize this contract.   Defendants deny any remaining allegations set forth in Paragraph 40.

41.     The allegations set forth in Paragraph 41 constitute a legal conclusion to which no response is required.   To the extent that a further response is required, Defendants state that the provisions of this contract speak for themselves, and Defendants deny the allegations contained in Paragraph 41 to the extent the allegations contradict or

mischaracterize this contract. Defendants deny any remaining allegations set forth in Paragraph 41.

42.     Defendants admit the allegations set forth in Paragraph 42.

43.     The allegations set forth in Paragraph 43 constitute a legal conclusion to which no response is required. To the extent that a further response is required, Defendants state that the provisions of this contract speak for themselves, and Defendants deny the allegations contained in Paragraph 43 to the extent the allegations contradict or mischaracterize this contract. Defendants deny any remaining allegations set forth in Paragraph 43.

44.     The allegations set forth in Paragraph 44 constitute a legal conclusion to which no response is required. To the extent that a further response is required, Defendants state that the provisions of this contract speak for themselves, and Defendants deny the allegations contained in Paragraph 44 to the extent the allegations contradict or mischaracterize this contract. Defendants deny any remaining allegations set forth in Paragraph 44.

45.     The allegations set forth in Paragraph 45 constitute a legal conclusion to which no response is required. To the extent that a further response is required, Defendants state that the provisions of this contract speak for themselves, and Defendants deny the allegations contained in Paragraph 45 to the extent the allegations contradict or mischaracterize this contract. Defendants deny any remaining allegations set forth in Paragraph 45.

46.     Defendants state that the quoted provisions of the purported contract between NovaSys Health, Inc. and Team Health attached as Exhibit 1 to Plaintiff's SAC

speak for themselves, and Defendants deny the allegations contained in Paragraph 46 to the extent the allegations contradict or mischaracterize this contract.  Defendants deny any remaining allegations set forth in Paragraph 46.

47.     Defendants deny the allegations set forth in Paragraph 47.

48.     Defendants deny the allegations set forth in Paragraph 48.

**C.     The Ambetter Product and its use of a NovaSys network.**

49.     Defendants admit that Celtic created an Ambetter product in or about 2013.  Defendants deny any remaining allegations set forth in Paragraph 49.

50.     Defendants admit the allegations set forth in Paragraph 50.

51.     Defendants admit that Celtic issues insurance policies to Ambetter patients in exchange for premiums and admit that those insurance policies govern whether, and to what extent, any payments are made for health care services rendered to Ambetter patients.  Defendants deny any remaining allegations set forth in Paragraph 51.

52.     Defendants deny the allegations set forth in Paragraph 52.

53.     Defendants deny the allegations set forth in Paragraph 53.

54.     Defendants deny the allegations set forth in Paragraph 54.

55.     Defendants deny the allegations set forth in Paragraph 55.

56.     Defendants deny the allegations set forth in Paragraph 56.

57.     Defendants deny the allegations set forth in Paragraph 57.

58.     Defendants deny the allegations set forth in Paragraph 58.

59.     Defendants deny the allegations set forth in Paragraph 59.

60.     Defendants deny the allegations set forth in Paragraph 60.

**D.     The Claims at issue in this action.**

61.     Defendants admit that Plaintiff has provided professional emergency medicine services to certain of Celtic's insureds since some time after January 1, 2014. Defendants deny any remaining allegations set forth in Paragraph 61.

62.     Paragraph 62 sets forth allegations to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 62 purports to limit certain of Plaintiff's claims to emergency medicine services provided by Plaintiff to certain of Celtic's insureds from January 1, 2014 to the present, and that it purports to define these claims as "NovaSys Contract Claims."  Defendants deny any remaining allegations set forth in Paragraph 62.

63.     Paragraph 63 sets forth allegations to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 63 purports to limit certain of Plaintiff's claims to emergency medicine services provided by Plaintiff to certain of Celtic's insureds from January 1, 2014 to the present, and that it purports to define these claims as "Claims" or "Combined Claims."  Defendants deny any remaining allegations set forth in Paragraph 63.

64.     Paragraph 64 sets forth allegations to which no response is required.  To the extent that a response is required, Defendants admit that Paragraph 64 purports to limit Plaintiff's claims to emergency medicine services provided by Plaintiff to certain of Celtic's insureds under fully-insured products subject to Arkansas law, and that Paragraph 64 purports to exclude any claims under ERISA or related regulations. Defendants deny any remaining allegations set forth in Paragraph 64.

65.     Defendants deny the allegations set forth in Paragraph 65.

66.     Defendants deny the allegations set forth in Paragraph 66.

67.     Defendants admit that Celtic issues insurance policies to Ambetter patients and that those insurance policies govern whether, and to what extent, any payments are made for health care services rendered to Ambetter patients.   Defendants deny any remaining allegations set forth in Paragraph 67.

68.     Defendants deny the allegations set forth in Paragraph 68.

69.     Defendants deny the allegations set forth in Paragraph 69.

70.     Defendants deny the allegations set forth in Paragraph 70.

71.     Defendants admit that any emergency medicine services provided by Plaintiff to Ambetter patients would have been as a non-participating provider. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations set forth in Paragraph 71, and therefore deny the same.

72.     Defendants admit that Plaintiff did not have an agreement with any Defendant relating to reimbursement rates for services Plaintiff rendered to Ambetter patients.  Defendants deny any remaining allegations in Paragraph 72.

73.     Defendants deny the allegations set forth in Paragraph 73.

74.     Defendants deny the allegations set forth in Paragraph 74.

75.     Defendants deny the allegations set forth in Paragraph 75.

76.     Defendants deny the allegations set forth in Paragraph 76.

77.     Defendants deny the allegations set forth in Paragraph 77.

78.     Defendants deny the allegations set forth in Paragraph 78.

79.     Defendants admit that Team Health sent certain correspondence, the terms of which speak for themselves.  Defendants deny any remaining allegations in Paragraph 79.

80.     Defendants admit that Team Health sent e-mail correspondence on November 17, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 80.

81.     Defendants admit that e-mail correspondence was sent to Team Health on January 31, 2017, the terms of which speak for themselves.  Defendants deny any remaining allegation in Paragraph 81.

82.     Defendants deny the allegations set forth in Paragraph 82.

83.     Defendants admit that e-mail correspondence was sent to Team Health on March 20, 2017, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 83.

84.     Defendants deny the allegations set forth in Paragraph 84.

85.     Defendants deny the allegations set forth in Paragraph 85.

86.     Defendants admit that Plaintiff purports to seek a declaratory judgment. Defendants deny that it is entitled to any such relief.  Defendants also deny any remaining allegations set forth in Paragraph 86.

87.     Defendants admit that Plaintiff purports to seek damages.  Defendants deny that Plaintiff has suffered any damages and deny that Plaintiff is entitled to any relief sought.  Defendants also deny any remaining allegations set forth in Paragraph 87.

**E.     Defendants' [alleged] obfuscation regarding the identity of the entity or entities underwriting and administering the Ambetter product.**

88.     Defendants deny the allegations set forth in Paragraph 88.

89.     Due to vague and ambiguous nature of this allegation, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 89 and therefore deny the same.

90.     Defendants deny the allegations set forth in Paragraph 90.

91.     Defendants deny the allegations set forth in Paragraph 91.

92.     Due to vague and ambiguous nature of this allegation, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 92 and therefore deny the same.

93.     Defendants deny the allegations set forth in Paragraph 93.

94.     Defendants deny the allegations set forth in Paragraph 94.

95.     Defendants deny the allegations set forth in Paragraph 95.

96.     Defendants admit that the Ambetter product is not an HMO or Medicare product, and that Arkansas Health Plan lists its company type as "Health Maintenance Organization-Medicare Only" on license filings it makes with the Arkansas Insurance Department.  Defendants deny any remaining allegations set forth in Paragraph 96.

97.     Defendants admit that, in submissions to the Arkansas Insurance Department, Celtic has been described as a "Life and Disability Insurance Company." Answering further, however, Defendants state that their counsel has provided Plaintiff with copies of submissions to the Arkansas Insurance Department that make clear the Ambetter product is "Offered by Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company."  Defendants deny any remaining allegations set forth in Paragraph 97.

98.     Defendants deny the allegations set forth in Paragraph 98.

99.     Defendants admit that Bryan Meldrum testified in his deposition as quoted in Paragraph 99, which testimony speaks for itself.  Defendants deny any remaining allegations set forth in Paragraph 99.

100.    Defendants deny the allegations set forth in Paragraph 100.

**F.    Defendants' [alleged] obfuscation regarding their methodology for determining the amount paid to SE Physicians.**

101.    Defendants admit that when Celtic issues payments to Plaintiff, the payment is accompanied by a document entitled an "explanation of payment." Defendants deny any remaining allegations set forth in Paragraph 101.

102.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 102, and therefore deny the same.

103.    Defendants deny the allegations set forth in Paragraph 103.

104.    Defendants admit that explanations of payment do not identify the contract pursuant to which a provider is a participating provider.  Defendants deny any remaining allegations set forth in Paragraph 104.

105.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 105, and therefore deny the same.

106.    Defendants admit that explanations of payment do not set forth the methodology by which providers are reimbursed.  Defendants deny any remaining allegations set forth in Paragraph 106.

107.    Defendants deny the allegations set forth in Paragraph 107.

108.    Defendants deny the allegations set forth in Paragraph 108.

109.    Defendants deny the allegations set forth in Paragraph 109.

**G.    Defendants' [alleged] concealment, fraud and deceit relate to the NovaSys Contract.**

110.    Defendants deny the allegations set forth in Paragraph 110.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 111, and therefore deny the same.

112.    Defendants deny the allegations set forth in Paragraph 112.

113.    Defendants deny the allegations set forth in Paragraph 113.

114.    Defendants deny the allegations set forth in Paragraph 114.

115.    Defendants deny the allegations set forth in Paragraph 115.

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 116, and therefore deny the same.

117.    Defendants deny the allegations set forth in Paragraph 117.

118.    Defendants deny the allegations set forth in Paragraph 118.

119.    Defendants admit that e-mail correspondence was sent by Ms. McKinney to Team Health on February 17, 2016, the terms of which speak for themselves. Defendants deny any remaining allegations set forth in Paragraph 119.

120.    Defendants admit that e-mail correspondence was sent by Team Health to Ms. McKinney on February 19, and March 1, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 120.

121.    Defendants admit that e-mail correspondence was sent by Ms. McKinney to Team Health on March 1, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 121.

122.    Defendants admit that e-mail correspondence was sent by Team Health to Ms. McKinney on March 1, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 122.

123.    Defendants admit that e-mail correspondence was sent by Team Health to Ms. McKinney on March 1, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 123.

124.    Defendants admit that e-mail correspondence was sent by Ms. McKinney to Team Health on March 8, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 124.

125.    Defendants admit that e-mail correspondence was sent by Team Health to Ms. McKinney on March 8, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 125.

126.    Defendants admit that e-mail correspondence was sent by Team Health to Ms. McKinney on March 31, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 126.

127.    Defendants deny the allegations set forth in Paragraph 127.

128.    Defendants admit that Ms. McKinney sent e-mail correspondence to Mr. Meldrum on August 25, 2016, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 128.

129.    Defendants admit that Ms. McKinney sent e-mail correspondence to Mr. Meldrum on May 16, 2017, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 129.

130.    Defendants admit that Ms. McKinney sent e-mail correspondence to Kelly McArthur on May 16, 2017, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 130.

131.    Defendants deny the allegations set forth in Paragraph 131.

132.    Defendants deny the allegations set forth in Paragraph 132.

133.    Defendants deny the allegations set forth in Paragraph 133.

134.    Defendants deny the allegations set forth in Paragraph 134.

135.     Defendants deny the allegations set forth in Paragraph 135.

136.     Defendants deny the allegations set forth in Paragraph 136.

137.     Defendants admit that correspondence was sent to Plaintiff on February 12, 2018, the terms of which speak for themselves.  Defendants deny any remaining allegations set forth in Paragraph 137.

138.     Defendants deny the allegations set forth in Paragraph 138.

139.     Defendants deny the allegations set forth in Paragraph 139.

140.     Defendants deny the allegations set forth in Paragraph 140.

141.     Defendants deny the allegations set forth in Paragraph 141.

142.     Defendants deny that the purported contract between NovaSys Health, Inc. and Team Health attached as Exhibit 1 to Plaintiff's SAC, the terms of which speak for themselves, has any bearing on the claims at issue in this case.  Defendants also deny any remaining allegations set forth in Paragraph 142.

143.     Defendants deny the allegations set forth in Paragraph 143.

## COUNT I
## Breach of Express Contract

144.     Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

145.     The allegations in Paragraph 145 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 145, and therefore deny the same.

146.     Defendants deny the allegations set forth in Paragraph 146.

147.     Defendants deny the allegations set forth in Paragraph 147.

148.    Defendants deny the allegations set forth in Paragraph 148.

149.    The allegations set forth in Paragraph 149 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 149, and therefore deny the same.

150.    Defendants deny the allegations set forth in Paragraph 149.

151.    Defendants deny the allegations set forth in Paragraph 151.

152.    Defendants deny the allegations set forth in Paragraph 152.

153.    Defendants admit that Plaintiff purports to seek an award of damages. Defendants deny that Plaintiff has suffered any damages and that Plaintiff is entitled to any relief sought.  Defendants also deny any remaining allegations set forth in Paragraph 153.

154.    Defendants admit that Plaintiff purports to seek an award of attorneys' fees.  Defendants deny that Plaintiff is entitled to any such relief.  Defendants also deny any remaining allegations set forth in Paragraph 154.

## COUNT II
## Breach of Implied-in-Fact Contract

155.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

156.    Defendants admit that Paragraph 64 states this Count is asserted in the alternative to Count I.  Defendants deny any remaining allegations set forth in Paragraph 156.

157.    Defendants admit Plaintiff provided emergency medicine services to certain of Celtic's insureds and that Celtic made certain payments direct to Plaintiff on

behalf of Celtic's insureds based upon its agreements with its insureds.  Defendants deny any remaining allegations set forth in Paragraph 157.

158.    Defendants deny the allegations set forth in Paragraph 158.

159.    Defendants deny the allegations set forth in Paragraph 159.

160.    Defendants deny the allegations set forth in Paragraph 160.

161.    Defendants deny the allegations set forth in Paragraph 161.

162.    Defendants deny the allegations set forth in Paragraph 162.

163.    Defendants deny the allegations set forth in Paragraph 163.

164.    Defendants deny the allegations set forth in Paragraph 164.

165.    Defendants deny the allegations set forth in Paragraph 165.

166.    Defendants deny the allegations set forth in Paragraph 166.

167.    Defendants deny the allegations set forth in Paragraph 167.

168.    Defendants deny the allegations set forth in Paragraph 168.

169.    Defendants admit that Plaintiff purports to seek an award of damages. Defendants deny that Plaintiff has suffered any damages and that Plaintiff is entitled to any relief sought.  Defendants also deny any remaining allegations set forth in Paragraph 169.

170.    Defendants admit that Plaintiff purports to seek an award of attorneys' fees.  Defendants deny that Plaintiff is entitled to any such relief.  Defendants also deny any remaining allegations set forth in Paragraph 170.

## COUNT III
### Unjust Enrichment/Breach of Implied-in-Law Contract

171.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

172.    Defendants admit that Paragraph 172 states this Count is asserted in the alternative to Count I.  Defendants deny any remaining allegations set forth in Paragraph 172.

173.    Defendants deny the allegations set forth in Paragraph 173.

174.    Defendants deny the allegations set forth in Paragraph 174.

175.    Defendants deny the allegations set forth in Paragraph 175.

176.    Defendants deny the allegations set forth in Paragraph 176.

177.    Defendants deny the allegations set forth in Paragraph 177.

178.    Defendants admit that Plaintiff purports to seek an award of damages. Defendants deny that Plaintiff has suffered any damages and that Plaintiff is entitled to any relief sought.  Defendants also deny any remaining allegations set forth in Paragraph 178.

179.    Defendants admit that Plaintiff purports to seek an award of attorneys' fees.  Defendants deny that Plaintiff is entitled to any such relief.  Defendants also deny any remaining allegations set forth in Paragraph 179.

## COUNT IV
## Declaratory Relief

180.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

181.    Defendants admit Plaintiff purports to seek a declaration as described in Paragraph 181.  Defendants deny that any such declaration is proper.  Defendants also deny any remaining allegations set forth in Paragraph 181.

182.    Defendants admit there is a controversy between the parties concerning the amount of Celtic's payments on behalf of certain of its insureds to Plaintiff for

services rendered to those insureds.  Defendants deny that Plaintiff's claims have any basis in law or fact or that Plaintiff is entitled to any relief sought.  Defendants also deny any remaining allegations set forth in Paragraph 182.

183.    Defendants deny the allegations set forth in Paragraph 183.

184.    Defendants deny the allegations set forth in Paragraph 184.

185.    Defendants deny the allegations set forth in Paragraph 185.

**COUNT V**
**Fraud**

186.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

187.    Defendants deny the allegations set forth in Paragraph 187.

188.    Defendants deny the allegations set forth in Paragraph 188.

189.    Defendants deny the allegations set forth in Paragraph 189.

190.    Defendants deny the allegations set forth in Paragraph 190.

191.    Defendants deny the allegations set forth in Paragraph 191.

192.    Defendants deny the allegations set forth in Paragraph 192.

193.    Defendants admit that the purported contract between NovaSys Health, Inc. and Team Health attached as Exhibit 1 to Plaintiff's SAC, the terms of which speak for themselves, has no applicability to the claims at issue in this suit, and that Plaintiff was justified and correct in so assuming.  Defendants deny any remaining allegations set forth in Paragraph 193.

194.    Defendants deny the allegations set forth in Paragraph 194.

195.    Defendants deny the allegations set forth in Paragraph 195.

196.    Defendants deny the allegations set forth in Paragraph 196.

197.    Defendants admit that Plaintiff purports to seek an award of damages, including punitive damages.  Defendants deny that Plaintiff has suffered any damages and that Plaintiff is entitled to any relief sought.  Defendants also deny any remaining allegations set forth in Paragraph 197.

**COUNT VI**
**Violation of the Arkansas Insurance Trade Practices Act and**
**the Arkansas Deceptive Trade Practices Act**

198.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

199.    The allegations contained in Paragraph 199 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants state that that the terms of the Arkansas Insurance Trade Practices Act speak for themselves, and Defendants deny the allegations contained in Paragraph 199 to the extent the allegations contradict or mischaracterize the Arkansas Insurance Trade Practices Act.  Defendants deny any remaining allegations in Paragraph 199.

200.    The allegations contained in Paragraph 200 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants state that that the terms of the Arkansas Insurance Trade Practices Act speak for themselves, and Defendants deny the allegations contained in Paragraph 200 to the extent the allegations contradict or mischaracterize the Arkansas Insurance Trade Practices Act.  Defendants deny any remaining allegations in Paragraph 200.

201.    The allegations contained in Paragraph 201 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants state that that the terms of the Arkansas Insurance Trade Practices Act speak for themselves, and

Defendants deny the allegations contained in Paragraph 201 to the extent the allegations contradict or mischaracterize the Arkansas Insurance Trade Practices Act. Defendants deny any remaining allegations in Paragraph 201.

202.    The allegations contained in Paragraph 202 are legal conclusions to which no response is required. To the extent that a response is required, Defendants state that that the terms of the Arkansas Insurance Trade Practices Act speak for themselves, and Defendants deny the allegations contained in Paragraph 202 to the extent the allegations contradict or mischaracterize the Arkansas Insurance Trade Practices Act. Defendants deny any remaining allegations in Paragraph 202.

203.    The allegations contained in Paragraph 203 are legal conclusions to which no response is required. To the extent that a response is required, Defendants state that that the terms of the Arkansas Insurance Trade Practices Act speak for themselves, and Defendants deny the allegations contained in Paragraph 203 to the extent the allegations contradict or mischaracterize the Arkansas Insurance Trade Practices Act. Defendants deny any remaining allegations in Paragraph 203.

204.    The allegations contained in Paragraph 204 are legal conclusions to which no response is required. To the extent that a response is required, Defendants state that that the terms of the Arkansas Deceptive Trade Practices Act speak for themselves, and Defendants deny the allegations contained in Paragraph 200 to the extent the allegations contradict or mischaracterize the Arkansas Deceptive Trade Practices Act. Defendants deny any remaining allegations in Paragraph 204.

205.    The allegations contained in Paragraph 205 are legal conclusions to which no response is required. To the extent that a response is required, Defendants state that

that the terms of the Arkansas Insurance Trade Practices Act speak for themselves, and Defendants deny the allegations contained in Paragraph 205 to the extent the allegations contradict or mischaracterize the Arkansas Insurance Trade Practices Act.  Defendants deny any remaining allegations in Paragraph 205.

206.    The allegations contained in Paragraph 206 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants state that that the terms of the Arkansas Insurance Trade Practices Act speak for themselves, and Defendants deny the allegations contained in Paragraph 206 to the extent the allegations contradict or mischaracterize the Arkansas Insurance Trade Practices Act.  Defendants deny any remaining allegations in Paragraph 206.

207.    Defendants deny the allegations set forth in Paragraph 207.

208.    Defendants deny the allegations set forth in Paragraph 208.

209.    Defendants deny the allegations set forth in Paragraph 209.

210.    Defendants deny the allegations set forth in Paragraph 210.

211.    Defendants admit that Plaintiff purports to seek an award of damages. Defendants deny that Plaintiff has suffered any damages and that Plaintiff is entitled to any relief sought.  Defendants also deny any remaining allegations set forth in Paragraph 211.

212.    Defendants admit that Plaintiff purports to seek an award of attorneys' fees.  Defendants deny that Plaintiff is entitled to any such relief.  Defendants also deny any remaining allegations set forth in Paragraph 212.

## COUNT VII
### Piercing the Corporate Veil

213.    Defendants incorporate their answers to all preceding paragraphs as if

fully set forth herein.

214.    Defendants deny the allegations set forth in Paragraph 214.

215.    Defendants deny the allegations set forth in Paragraph 215.

216.    Defendants deny the allegations set forth in Paragraph 216.

217.    Defendants admit that Plaintiff purports to seek a joint and several judgment against Centene for all relief or damages awarded against any of the other Defendants.  Defendants deny that Plaintiff is entitled to any such relief.  Defendants also deny any remaining allegations set forth in Paragraph 217.

## JURY TRIAL DEMAND

218.    The allegations set forth in Paragraph 64 are a jury demand, to which no response is required.

219.    Defendants deny that Plaintiff is entitled to any of the relief set forth in its prayer for relief in its Second Amended Complaint, and Defendants further deny all allegations not expressly admitted herein.

WHEREFORE, Defendants pray that judgment be rendered in its favor and against Plaintiff on Counts I through VII of Plaintiff's Second Amended Complaint, that Defendants be awarded their costs and reasonable attorneys' fees, and that Defendants be awarded such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

In the alternative, without accepting any burden of proof that would not otherwise be borne by Defendants, Defendants plead the following affirmative defenses:

### First Affirmative Defense

Plaintiff's claims, in whole or in part, are barred because express contracts (the insurance contracts between Celtic and its insureds) govern the subject matter of this litigation.

### Second Affirmative Defense

Plaintiff's claims, in whole or in part, should be dismissed for failure to join an indispensable party.

## **Third Affirmative Defense**

Plaintiff's claims, in whole or in part, should be dismissed because Plaintiff lacks standing to bring claims based upon payments made by Celtic pursuant to agreements with Celtic's insureds for services rendered to Celtic's insureds.

## **Fourth Affirmative Defense**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief, including punitive or exemplary damages, can be granted against Defendants.

## **Fifth Affirmative Defense**

Plaintiff's claims, in whole or in part, are barred by the doctrines of laches, waiver, estoppel, judicial estoppel, abandonment and/or unclean hands.

## **Sixth Affirmative Defense**

Plaintiff's claims, in whole or in part, are barred by the doctrine of accord and satisfaction.

## **Seventh Affirmative Defense**

Defendants are entitled to a set off to Plaintiff's claims for any and all amounts paid to Plaintiff and, therefore, pleads the affirmative defenses of credit, recoupment, and set off.

## **Eighth Affirmative Defense**

Plaintiff's claims, in whole or in part, are barred or preempted by the Affordable Care Act.

### Ninth Affirmative Defense

Plaintiff's claim under the Arkansas Insurance Trade Practices Act is barred because there is no private right of action under the Arkansas Insurance Trade Practices Act.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

### Eleventh Affirmative Defense

Plaintiff is not entitled to any recovery of punitive or exemplary damages against any Defendant because:

a)   Plaintiff's Complaint fails to allege sufficient facts rising to the level of clear and convincing proof under any theory, cause of action, or applicable law that would justify imposition against any Defendant of punitive or exemplary damages.

b)   Plaintiff's recovery of punitive or exemplary damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Arkansas Constitution, in that:

    i.   The jury will be allowed to consider evidence of each Defendant's wealth in assessing punitive damages.

    ii.   There are no definite standards whereby the judiciary may determine the submissibility of punitive damages or the amount of any such award.

    iii.   There are no effective procedures whereby the judiciary can review either the submissibility or the magnitude of punitive damages.

    iv.   The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

    v.   The vague and inconsistent legal standards for the imposition of punitive damages deprive each Defendant of sufficient notice of the

type of conduct and mental state upon which an award of punitive damages could be based.

vi.   No objective limitations or standards have been established concerning the amount or severity of any punitive damages award.

vii.  Each Defendant is not provided with fair and adequate notice of the punishment, through punitive damages, including the severity of the penalty.

c)   Plaintiff's recovery of punitive damages is barred because such damages are essentially criminal in nature and a form of punishment, and they seek to deny each Defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Seventh and Fourteenth Amendments of the United States Constitution and the Constitution of Arkansas.

d)   Plaintiff's recovery of punitive damages is barred because Plaintiff seeks to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of Arkansas.

e)   Plaintiff's recovery of punitive damages is barred to the extent Plaintiff seeks the admission of evidence of each Defendant's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in a defendant's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Constitution of Arkansas.

f)   Plaintiff's recovery of punitive damages is barred because punitive damages are a form of punishment and any such award under the laws of the State of Arkansas would violate each Defendant's procedural and substantive Due Process rights and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of Arkansas where a jury: (i) is not provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages; (ii) is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (iii) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (iv) is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (v) is not subject to judicial review on the basis of objective and uniform standards.

g)   Plaintiff's recovery of punitive damages is barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

### Twelfth Affirmative Defense

Defendants specifically reserve the right to assert any legal defense, affirmative or otherwise, to this action as may become apparent as discovery progresses and/or additional pleadings are filed.

WHEREFORE, having fully answered, Defendants respectfully request that this Court dismiss Plaintiff's Second Amended Complaint and grant them all other and further relief as this Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

By:___/s/ C. David Goerisch_____
C. David Goerisch, #95283AR
R. Bradley Ziegler, (*pro hac vice*)
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Phone:  (314) 444-7600
Fax:  (314) 241-6056
dgoerisch@lewisrice.com
bziegler@lewisrice.com

Attorneys for Defendants Arkansas Health & Wellness Health Plan, Inc., Celtic Insurance Company d/b/a/ Arkansas Health & Wellness Insurance Company, NovaSys Health, Inc., and Centene Corporation

and

Steven M. Cady, (*pro hac vice* forthcoming)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street NW
Washington, DC 20005
Phone:  (202) 434-5321
Fax:  (202) 434-5029
scady@wc.com

Attorney for Defendant Centene Corporation