**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SOUTHEASTERN EMERGENCY PHYSICIANS LLC**

                     **PLAINTIFF**

**v.**       **CASE NO. 4:17-CV-00492-BSM**

**ARKANSAS HEALTH & WELLNESS HEALTH PLAN, INC.;
CELTIC INSURANCE COMPANY d/b/a ARKANSAS
HEALTH & WELLNESS INSURANCE COMPANY;
NOVASYS HEALTH, INC.; and
CENTENE CORPORATION**          **DEFENDANTS**

---

**DEFENDANTS' PRETRIAL DISCLOSURE SHEET**

---

Pursuant to the Court's Fourth Amended Final Scheduling Order, Doc. No. 173, Defendants Arkansas Health & Wellness Health Plan, Inc. ("Arkansas Health & Wellness"); Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company ("Celtic"); NovaSys Health, Inc. ("NovaSys"); and Centene Corporation ("Centene") (collectively, "Defendants") respectfully submit this Pretrial Disclosure Sheet:

  1.  Defendants provide the following information about the evidence that they may present at trial other than solely for impeachment:

  2.  Defendants' trial counsel are:

> Lyn P. Pruitt (Ark. Bar No. 84121)
> Graham Talley (Ark. Bar No. 2015159)
> **MITCHELL, WILLIAMS, SELIG,
> GATES & WOODYARD, PLLC**
> 425 W. Capitol Avenue, Suite 1800
> Little Rock, AR 72201
> Telephone: (501) 688-8800
> Facsimile: (501) 688-8807
> lpruitt@mwlaw.com
> gtalley@mwlaw.com


– AND –

Steven M. Cady (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Telephone:  (202) 434-5321
Facsimile:  (202) 434-5029
scady@wc.com

3. Plaintiff Southeastern Emergency Physicians LLC ("Plaintiff" or "SEP") seeks to be paid more money for approximately 11,000 health insurance claims that Plaintiff submitted to Arkansas Health & Wellness from 2014 to present.  Arkansas Health & Wellness already paid Plaintiff for these 11,000 health insurance claims at the rate required by the Affordable Care Act and the insurance policies between Arkansas Health & Wellness and its insureds.  Arkansas Health & Wellness seeks to recover from Plaintiff amounts that it overpaid to Plaintiff based on Plaintiff's "upcoded" health insurance claims.

4. Plaintiff and Defendants engaged in a court-ordered settlement conference with United States Magistrate Judge Joe J. Volpe.  The conference was productive, but the parties did not reach an agreement.  Defendants remain willing to enter into a reasonable resolution with Plaintiff, which ideally would set the terms of the relationship between the parties going forward to avoid future litigation and disputes.  Defendants understand that Judge Volpe is working on helping the parties to make progress in this regard.

5. The Court enjoys jurisdiction because complete diversity exists, and the amount in controversy exceeds $75,000.

6. Defendants' motion for summary judgment is pending.  Plaintiff's motions for summary judgment are pending.  Defendants plan to file additional motions, including a motion for leave to file a counterclaim and motions in limine.

7. The facts in this case are as follows: From 2014 to the present, SEP submitted approximately 11,000 health insurance claims to Arkansas Health & Wellness for work that SEP's independent-contractor doctors allegedly performed for Arkansans with "Ambetter" Affordable Care Act insurance from Arkansas Health & Wellness. Arkansas Health & Wellness promptly paid SEP's health insurance claims the rate required by the insurance policies at issue and the Affordable Care Act. As a result, SEP already has received millions for the health insurance claims that SEP put at issue in this case. SEP is seeking more millions on various theories. As is usually the case in the health insurance industry, Arkansas Health & Wellness paid SEP's health insurance claims based on the information presented in the claims. Arkansas Health & Wellness relied on SEP's representations in its health insurance claims. The recently produced medical records that underlie SEP's health insurance claims have shown that SEP's representations often were false. (Note that because nearly all of the functions of SEP are performed by Team Health, SEP's parent company, the term SEP is used herein to include both SEP and Team Health.)

8. Defendants stipulate that Defendant Arkansas Health & Wellness Insurance Company (the d/b/a for Celtic) is sufficiently capitalized to respond to any judgment (or recovery) in this case, and there is no need for other Defendants to be involved. In the extremely remote event that Arkansas Health & Wellness Insurance Company is insufficiently capitalized to respond to a judgment in this case, Centene, its parent company, will contribute necessary funds to Arkansas Health & Wellness Insurance Company. As a result, there is no need to complicate this case with the various Defendants and the various veil-piercing causes of action and theories that SEP has asserted. Defendants stipulate to the authenticity (but not necessarily the admissibility) of the documents produced in this action.

9. Defendants expect there to be four fact issues in this case:

      a.      Whether Arkansas Health & Wellness already paid SEP's approximately 11,000 health insurance claims at issue at the rate required by the insurance policies at issue and the Affordable Care Act;

      b.      Whether Arkansas Health & Wellness owes SEP additional money for SEP's 11,000 health insurance claims at issue;

      c.      Whether the 11,000 health insurance claims at issue are supported by medical records, or are inflated or upcoded or unsupported; and

      d.      Whether Arkansas Health & Wellness is entitled to amounts that it overpaid to SEP with regard to the approximately 11,000 health insurance claims that SEP put at issue in this case.

10. Defendants are not aware of issues of law that SEP plans to contest. The legal issues raised by Defendants are set forth in Defendants' pending motion for summary judgment.

11. At this stage, Defendants plan to offer the following exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes:

      a.      The insurance policies at issue in this case;

      b.      Charts, graphics, exhibits, and summaries derived from the insurance policies at issue in this case;

      c.      Charts, graphics, exhibits, and summaries derived from the medical records that underlie SEP's health insurance claims at issue in this case;

      d.      Charts, graphics, exhibits, and summaries derived from SEP's health insurance claims at issue in this case;

e. Charts, graphics, exhibits, and summaries derived from SEP's health insurance claims that it submitted to NovaSys;

f. Charts, graphics, exhibits, and summaries derived from SEP's health insurance claims that it submitted to Arkansas Health & Wellness for Ambetter and other insurance products;

g. Charts, graphics, exhibits, and summaries derived from Arkansas Health & Wellness's payment history to SEP;

h. Charts, graphics, exhibits, and summaries demonstrating the health care provider networks built by NovaSys;

i. Charts, graphics, exhibits, and summaries demonstrating Arkansas Health & Wellness's overpayment to SEP;

j. Charts, graphics, exhibits, and summaries showing how health insurance claims are supposed to be coded;

k. Charts, graphics, exhibits, and summaries showing the course of dealing between Defendants and SEP;

l. Charts, graphics, exhibits, and summaries derived from Defendants' expert reports;

m. Charts, graphics, exhibits, and summaries derived from Plaintiff's expert reports;

n. Defendants' policies and procedures produced in this case, including CELTIC001396 et seq. and CELTIC001404 et seq.;

o. The 2011 LOA (CELTIC001966 et seq.);

p. The Parties course of dealing under the 2011 LOA, including CELTIC035742 et seq.;

q. The 2013 letter and term sheet regarding the new Marketplace/Affordable Care Act insurance product, including CELTIC002144 et seq.;

r. SEP and Team Health's response to the 2013 letter and term sheet, including SOUTHEASTERN 3821, SOUTHEASTERN 3801 et seq., CELTIC 7593 et seq.;

s. SEP's and Defendants' negotiations in 2016 and 2017 regarding a potential contract between the parties and internal discussions regarding the same, including SOUTHEASTERN 0000635 et seq., SOUTHEASTERN 0000729 et seq., CELTIC002039 et seq., CELTIC002135 et seq., CELTIC001999 et seq., SOUTHEASTERN 0000833 et seq., SOUTHEASTERN 0000535 et seq., SOUTHEASTERN 0000793 et seq., CELTIC001960 et seq., SOUTHEASTERN 00010 et seq., SOUTHEASTERN 0000770 et seq., CELTIC001984 et seq., CELTIC002090 et seq.;

t. The 2018 letter and term sheet regarding the new Medicare Advantage insurance product, including SOUTHEASTERN 0000553 et seq.;

u. Provider billing manuals and materials showing how health insurance claims should be coded;

v. Communications and documents between Plaintiff and Defendants relating to prior Letters of Agreement and leading to the 2011 LOA;

w. The billing documentation that SEP and its agents used to submit the health insurance claims at issue in this case, including chargemasters;

6

    x.    Documentation that patients signed when attending a hospital with an Emergency Department controlled by SEP and its agents;

    y.    The health insurance claims at issue in this case;

    z.    The spreadsheets produced by the parties in this case;

    aa.    The Affordable Care Act, its implementing regulations, and statements by government agencies regarding requirements under the Affordable Care Act;

    bb.    CMS public use files, showing ER utilization and billing in Arkansas;

    cc.    Team Health organizational charges produced in this case, including SOUTHEASTERN 005794 et seq.;

    dd.    The independent contractor agreements between SEP and the doctors who performed services underlying the health insurance claims at issue in this matter;

    ee.    Blackstone and Team Health SEC filings, including those produced in this case;

    ff.    The exhibits affirmatively designated in Defendants' deposition designations served on July 13, 2020;

    gg.    The exhibits that have been used in depositions in this case;

    hh.    Deposition transcripts that will be read at trial; and

    ii.    The charts, graphics, exhibits, and summaries identified by SEP in this case.

Defendants reserve the right to amend this list in advance of trial.

    12.    The names, addresses, and phone numbers for the witnesses anticipated to be presented by Defendants are:

    a.    John Ryan, President, President of Arkansas Health & Wellness and NovaSys;

      b.      Bryan Meldrum, Vice President, Network Development and Contracting at Arkansas Health & Wellness;

      c.      Kim Suggs, Vice President, Operations at Arkansas Health & Wellness;

      d.      Chepeka McKinney, Contract Negotiator at Arkansas Health & Wellness;

      e.      Joel Portman, Senior Director, Network Development and Analysis;

      f.      Kevin O'Brien, expert witness; and

      g.      Any individuals identified in SEP's witness list or called by SEP at trial.

The witnesses identified in (a)–(f), above, can be reached at the addresses and phone numbers of counsel identified in Paragraph 2, above.

13.      Defendants will provide additional information to Plaintiff regarding Defendants' review of Plaintiff's overbilling. Defendants will do this through a supplemental expert report. Defendants already have provided a supplemental expert report in this regard, dated July 10, 2020. Defendants believe that discovery is complete, although Plaintiff has not provided medical records supporting many of the health insurance claims that Plaintiff has put at issue in this case.

14.      Defendants anticipate that trial will take one week. Defendants suggest that this matter may, alternatively, be disposed of through additional settlement conferences with Judge Volpe.

Defendants hereby update their Initial Disclosures and various discovery responses to supplement those materials with the above information and disclosures. Defendants are willing to meet and confer regarding any of the above if Plaintiff requests more information.

Dated: July 13, 2020

        Lyn P. Pruitt (Ark. Bar No. 84121)
        Graham Talley (Ark. Bar No. 2015159)
        **MITCHELL, WILLIAMS, SELIG,**
        **GATES & WOODYARD, PLLC**
        425 W. Capitol Avenue, Suite 1800
        Little Rock, AR 72201
        Telephone: (501) 688-8800
        Facsimile: (501) 688-8807
        lpruitt@mwlaw.com
        gtalley@mwlaw.com

        **AND**

        Steven M. Cady (admitted *pro hac vice*)
        **WILLIAMS & CONNOLLY LLP**
        725 Twelfth Street NW
        Washington, DC 20005
        Telephone:  (202) 434-5000
        Facsimile:  (202) 434-5029
        scady@wc.com

        **AND**

        C. David Goerisch, (Ark. Bar No. 95283)
        R. Bradley Ziegler, (admitted *pro hac vice*)
        **LEWIS RICE LLC**
        600 Washington Avenue, Suite 2500
        St. Louis, MO 63101
        Telephone:  (314) 444-7600
        Facsimile:  (314) 241-6056
        dgoerisch@lewisrice.com
        bziegler@lewisrice.com

        *Attorneys for Defendants Arkansas Health &*
        *Wellness Health Plan, Inc.; Celtic Insurance*
        *Company d/b/a Arkansas Health & Wellness*
        *Insurance Company; Novasys Health, Inc.; and*
        *Centene Corporation*