UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

SOUTHEASTERN EMERGENCY PHYSICIANS, LLC                          PLAINTIFF

v.                                    CASE NO. 4:17-cv-492-BSM

ARKANSAS HEALTH & WELLNESS HEALTH
PLAN, INC.; CELTIC INSURANCE COMPANY
d/b/a ARKANSAS HEALTH & WELLNESS
INSURANCE COMPANY; NOVASYS HEALTH, INC.;
and CENTENE CORPORATION                                         DEFENDANTS

PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), plaintiff Southeastern Emergency Physicians, LLC ("SE Physicians") submits the following as its pretrial disclosure sheet:

1. **Identity of the Parties Submitting Information**

Southeastern Emergency Physicians, LLC.

2. **Names, Addresses, and Telephone Numbers of Counsel for the Party**

Judy Simmons Henry, Michael A. Thompson, and Baxter D. Drennon, Wright, Lindsey & Jennings LLP, 200 West Capitol Avenue, Suite 2300, Little Rock, Arkansas 72201, (501) 371-0808.

3. **Summary of Claims and Relief Sought**

In its Second Amended Complaint, SE Physicians seeks relief under six separate claims.

2154633-v1

a. **Breach of Express Contract**

In 2011, SE Physicians and separate defendant NovaSys Health, Inc. ("NovaSys Health") entered into a contract with exhibit entitled "Letter of Agreement between NovaSys Health and Team Health" (the "NovaSys Contract"). The NovaSys Contract, which expressly applies to SE Physicians per the contract exhibit and has never been terminated, provides that "███████████ ███████████████████████████████████████████████████████████ █████████████████████████." NovaSys Health is an indirectly wholly owned subsidiary of defendant Centene Corporation ("Centene"). NovaSys Health provides the physician network used by another Centene entity, defendant Celtic Insurance Company d/b/a Arkansas Health & Wellness Insurance Company ("Celtic") in support of its insurance product sometimes referred to as Ambetter from Arkansas Health & Wellness, among other names ("Ambetter"). As a result, individuals insured through the Ambetter insurance product are NovaSys Health members, and SE Physicians is entitled to be reimbursed at ███████████████ for services provided to individuals insured through the Ambetter insurance product ("Ambetter Patients").

SE Physicians seeks a joint and several judgment against the defendants (collectively "the Insurance Companies") for breach of the NovaSys Contract and for an award of damages, in an amount equal to the difference between (1) ████████ ████████████ for the services it has provided, and continues to provide, to Ambetter Patients, and (2) the amount adjudicated as the allowable amount for those

services, plus interest pursuant to Ark. Code Ann. § 23-66-215 and other provisions of Arkansas law.  For the period from January 1, 2014, to March 31, 2020, the principal amount of this claim is $8,879,263.80 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  For the full period, including April 1, 2020, to the date of trial, August 3, 2020 and beyond, damages will be calculated using the same simple formula as the principal amount stated here (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) = (Principal Amount of Express Contract Damages)).  For the period from January 1, 2014, to March 31, 2020, the interest for this claim is $2,138,902.00.  SE Physicians also seeks pre-judgment interest, post-judgment interest, attorneys' fees, costs, and all other allowable damages under Arkansas law.

      **b.**      **Breach of Implied-in-Fact Contract**

In the alternative, from August 2, 2014, to the present, SE Physicians provided emergency medicine services to Ambetter Patients and the Insurance Companies have undertaken to pay for those services.  Through the parties' conduct and the respective undertaking of obligations concerning emergency medicine services provided to Ambetter patients, the parties impliedly agreed that the Insurance Companies would reimburse SE Physicians at a rate reflecting the value of the emergency medicine services provided. The Insurance Companies breached this implied agreement by failing to pay SE Physicians the value of the emergency services it provided, and continues to provide, to Ambetter Patients.

SE Physicians seeks to recover for the Insurance Companies' breach of implied-in-fact contract and seeks a joint and several judgment against the Insurance Companies for an award of damages, in an amount that will continue to accrue through the date of trial as a result of Ambetter's continuing breach of the implied contract, equal to the difference between (1) the lesser of SE Physicians' billed charges and the full value of the services it has provided, and continues to provide, to Ambetter Patients, and (2) the amount Insurance Companies adjudicated as the allowable amount for those services, plus interest pursuant to Ark. Code Ann. § 23-66-215 and other provisions of Arkansas law.  Dr. Leslie Schafer has analyzed the value of emergency medicine services provided by SE Physicians to Ambetter Patients and determined that the total of Insurance Companies' underpayment through March 31, 2020 is $5,944,416.  For the period of April 1, 2020, to August 3, 2020, the projected amount for this claim is $782,145.00 ($573 in median damages per claim x 1,365 claims).  For the period from August 2 1, 2014, to March 31, 2020, Dr. Schafer further calculated the interest on the amount of the Insurance Companies' underpayment to be $1,486,784. For any period before the date of trial where complete claims data is not available, SE Physicians will seek an amount estimated based on relevant historical experience. SE Physicians also seeks pre-judgment interest, post-judgment interest, attorneys' fees, costs, and all other allowable damages under Arkansas law.

### c.  Unjust Enrichment/Breach of Implied-in-Law Contract

In the alternative, from August 2, 2014, to the present, SE Physicians has conferred a benefit upon Insurance Companies by providing valuable emergency medicine services to Ambetter Patients based on the Insurance Companies' commitment that they would pay for those services. The Insurance Companies derive a benefit from SE Physicians' provision of emergency medicine services to Ambetter Patients, because it is through SE Physicians' provision of those services that the Insurance Companies fulfill their obligations to Ambetter Patients and earn, in part, premiums paid by, or on behalf of, Ambetter Patients.  Further, the Insurance Companies have benefited by including SE Physicians in their provider network to met network-adequacy standards set out by the State of Arkansas.  The Insurance Companies voluntarily accepted, retained, and enjoyed – and continue to accept, retain, and enjoy – the benefits conferred on them by SE Physicians, knowing that SE Physicians expects to be paid the full value of its services.  The Insurance Companies have breached their implied-in-law agreement with SE Physicians and have been unjustly and inequitably enriched at SE Physicians' expense.

SE Physicians seeks to recover for the Insurance Companies' breach of implied-in-law contract and seeks a joint and several judgment against the Insurance Companies for an award of damages, in an amount that will continue to accrue through the date of trial as a result of Ambetter's continuing breach of the implied contract, equal to the difference between (1) the lesser of SE Physicians'

5

billed charges and the full value of the services it has provided, and continues to provide, to Ambetter Patients, and (2) the amount Insurance Companies adjudicated as the allowable amount for those services, plus interest pursuant to Ark. Code Ann. § 23-66-215 and other provisions of Arkansas law.  Dr. Leslie Schafer has analyzed the value of emergency medicine services provided by SE Physicians to Ambetter Patients and determined that the total of Insurance Companies' underpayment through March 31, 2020 is $5,944,416.  For the period of April 1, 2020, to August 3, 2020, the projected amount for this claim is $782,145.00 ($573 in median damages per claim x 1,365 claims).  For the period from August 2, 2014, to March 31, 2020, Dr. Schafer further calculated the interest on the amount of the Insurance Companies' underpayment to be $1,486,784.  For any period before the date of trial where complete claims data is not available, SE Physicians will seek an amount estimated based on relevant historical experience.  SE Physicians also seeks pre-judgment interest, post-judgment interest, attorneys' fees, costs and all other allowable damages under Arkansas law.

    **d.**     **Declaratory Relief**

On its claim for declaratory judgment, SE Physicians seeks a declaration that the Insurance Companies are jointly and severally obligated, going forward, to pay SE Physicians' claims at a rate equal to (1) ███████████████, as required by the NovaSys Contract, or (2) in the alternative, the lesser of its billed charges and the full value of the emergency medicine services provided to Ambetter Patients and

submitted to the Insurance Companies for payment. SE Physicians also seeks a declaration that it is entitled to interest, costs, and fees as provided herein.

### e. Fraud

During the course of its provision of emergency medicine services to Ambetter Patients, SE Physicians mistakenly approached the Insurance Companies in an attempt to negotiate a provider agreement related to Ambetter Patients. Rather than disclosing the existence of the NovaSys Contract and its relationship to the Ambetter Patients, the Insurance Companies concealed the existence and applicability of the Novasys Contract. The Insurance Companies' decision to withhold this information and failure to provide a copy of the NovaSys Contract constitutes a false representation of a material fact. Based on the communications from SE Physicians, the Insurance Companies knew that SE Physicians was unaware of the existence and applicability of the contract. The Insurance Companies' actions prevented SE Physicians from pressing for reimbursement under the NovaSys Contract and perpetuated the Insurance Companies' practice of underpaying SE Physicians. Further, the Insurance Companies had SE Physicians included in its electronic reimbursement system as a participating provider under the NovaSys Contract. Upon discovering that SE Physicians was unaware of the right to reimbursement under the Novasys Contract at ███████████, the Insurance Companies secretly removed SE Physicians from participating provider / in-network status and changed it to non-participating provider / out-of-network status. The Insurance Companies' acts of concealment, fraud, and deceit were

performed by employees of Centene Corporation, acting for Centene, Celtic NovaSys Health and Arkansas Health & Wellness Health Plan, Inc. ("Arkansas Health") and were intentionally pursued for the purpose of causing harm to SE Physicians.

SE Physicians seeks to recover for the Insurance Companies' fraud and seeks a joint and several judgment against the Insurance Companies for damages in an amount to be determined at trial, including an award of punitive damages, plus interest pursuant to Ark. Code Ann. § 23-66-215 and other provisions of Arkansas law.  SE Physicians seeks attorneys' fees and costs.

### f.      Violation of the Arkansas Insurance Trade Practices Act and Arkansas Deceptive Trade Practices Act

The Arkansas Insurance Trade Practices Act and Arkansas Deceptive Trade Practices Act prohibit any unfair or deceptive act or practice, including making false statements with respect to insurance.  This claim arises in part out of the Insurance Companies' marketing and other public statements regarding the Ambetter product in Arkansas, which are designed to obfuscate the party or parties that issue, underwrite, and hold the network of participating providers accessed by patients on the Ambetter product.  Further, during the course of its provision of emergency medicine services to Ambetter Patients, SE Physicians mistakenly approached the Insurance Companies in an attempt to negotiate a provider agreement related to Ambetter Patients.  Rather than disclosing the existence of the NovaSys Contract, and its relationship to the Ambetter Patients, and hiding that SE Physicians was in network in the Centene computer system, the Insurance Companies concealed the existence and applicability of the contract.  The Insurance Companies' decision to

withhold this information, failure to provide a copy of the NovaSys Contract and unilaterally changing and hiding the in-network status, constitutes a false representation of a material fact. Based on the communications from SE Physicians, Insurance Companies knew that SE Physicians was unaware of the existence and applicability of the contract. When claims were submitted under the NovaSys Contract, the Insurance Companies rejected them. The Insurance Companies' actions prevented SE Physicians from recovering reimbursement under the NovaSys Contract and perpetuated the Insurance Companies' practice of underpaying SE Physicians. The Insurance Companies' acts of concealment, fraud, and deceit were performed by employees of Centene Corporation, acting for the benefit of Centene, Celtic, NovaSys Health, and Arkansas Health and were intentionally pursued for the purpose of causing harm to SE Physicians.

SE Physicians seeks to recover for the Insurance Companies' breaches of the Arkansas Insurance Trade Practices Act and Arkansas Deceptive Trade Practices Act and seeks a joint and several judgment against the Insurance Companies for damages in an amount to be determined at trial, including an award of punitive damages, plus interest pursuant to Ark. Code Ann. § 23-66-215 and other provisions of Arkansas law. SE Physicians seeks attorneys' fees and costs.

    g.    **<u>Piercing the Corporate Veil</u>**

Separate defendant Centene is the ultimate parent company of each of the other three defendants. Through the actions of its employees, Centene controls and dominates these subsidiaries as to render them a single business, and these other

defendants are merely the alter ego of Centene. The corporate veil of the defendants should be pierced to prevent a substantial injustice and ensure that Centene is held liable for the damages caused by the acts and omissions of its employees, even if made by or on behalf of one of the defendants.

### 4. Prospects for Settlement

Unlikely. The parties participated in a settlement conference on July 1, 2020. It was unsuccessful.

### 5. Basis for and Objections to Jurisdiction

The basis for jurisdiction is the Court's diversity jurisdiction under 28 U.S.C. § 1332. There are no objections to this Court's jurisdiction.

### 6. Pending Motions

The following motions are pending:

    a. SE Physicians' Motion for Partial Summary Judgment No. 1;

    b. SE Physicians' Motion for Partial Summary Judgment No. 2;

    c. SE Physicians' Motion for Partial Summary Judgment No. 3;

    d. SE Physicians' *Daubert* Motion; and

    e. The Insurance Companies' Motion for Summary Judgment.

SE Physicians anticipates filing additional motions.

### 7. Concise Summary of Facts

SE Physicians is a group of physicians that provide emergency medicine services to patients covered under the commercial, fully insured health plans underwritten and administered by one or more of the Insurance Companies. SE

10

2154633-v1

Physicians staffs emergency departments at hospitals and other licensed health care facilities in Arkansas, including Mercy Hospital Rogers, Mercy Emergency Department – Bella Vista, NEA Baptist Memorial Hospital, Baptist Crittenden and new locations added during litigation.

Defendant Centene purchased NovaSys Health in 2010.  NovaSys Health continued to operate and provide services to self-insured employers and insurance companies.  In 2011, NovaSys Health and SE Physicians entered into the NovaSys Contract, which requires that SE Physicians be reimbursed at ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ for services provided to NovaSys Health members.  The Novasys Contract effectively made SE Physicians a participating / in-network provider with NovaSys Health and for the Ambetter product in Arkansas.  The Novasys Contract was never terminated and remains in effect today.

One or more defendants created the Ambetter insurance product, and began selling health insurance plans to Arkansans with a January 1, 2014 effective date. NovaSys Health provides the physician network for the Ambetter product in Arkansas.  Thus, Ambetter Patients have access to the NovaSys Health network of providers.  All Ambetter insureds are "NovaSys Health Members" under the terms of the NovaSys Contract.

The claims at issue are those submitted by SE Physicians for services rendered to Ambetter patients from January 1, 2014, to present.  The Insurance Companies have adjudicated these claims as being for the provision of emergency medicine services and have paid *something* on every claim at issue in this case.

However, the payments made by the Insurance Companies to SE Physicians have consistently been at a lower rate than SE Physicians' billed charges, at a lower rate than ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ to which they were obligated pursuant to the Contract, and at a lower rate than the rate other third-party payors have agreed to pay SE Physicians for the same services.

### 8. Proposed Stipulations

SE Physicians anticipates being able to stipulate that certain records produced during discovery are authentic and are not hearsay. SE Physicians may also be able to fully stipulate to the admission of at least some items of evidence.

### 9. Issues of Fact Expected to Be Contested

SE Physicians contend that there are no genuinely disputed issues of material fact on Counts I (Breach of Express Contract) and IV (Declaratory Judgment) of SE Physicians' second amended complaint or on the Insurance Companies' liability on Counts II (Breach of Implied-in-Fact Contract) and III (Breach of Implied-in-Law Contract/Unjust Enrichment) of SE Physicians' second amended complaint in this case. *See* pending motions for summary judgment 1 and 2. Therefore, the only contested issues of fact are the amount of damages owed by the Insurance Companies to SE Physicians on Counts II and III, liability and damages on Counts V (Fraud) and VI (Arkansas Insurance Trade Practices Act/Arkansas Deceptive Trade Practices Act) of the second amended complaint, and whether to pierce the corporate veil of the subsidiary Insurance Companies to reach their ultimate parent, defendant Centene Corporation.

### 10. Issues of Law Expected to Be Contested

SE Physicians contends that the undisputed material facts demonstrate that they are entitled to judgment as a matter of law on Counts I (Breach of Express Contract) and IV (Declaratory Judgment) of SE Physicians' second amended complaint and on the Insurance Companies' liability on Counts II (Breach of Implied-in-Fact Contract) and III (Breach of Implied-in-Law Contract/Unjust Enrichment) of SE Physicians' second amended complaint in this case.  To the extent there are any other contested issues of law, they would include those raised in the pending motions and those that will be raised in motions in limine.  To the extent additional contested issues of law arise in connection with jury instructions or the evidence offered at trial, those will be raised by appropriate objections.

### 11. List and Description of Exhibits

SE Physicians expects to offer the following exhibits and admissions into evidence at trial:

a) Disputed claims spreadsheet (Bates No. SOUTHEASTERN 003797);
b) Disputed claims spreadsheet (Bates No. SOUTHEASTERN 5792);
c) Other commercial payors spreadsheet (Bates No. SOUTHEASTERN 003799);
d) Other commercial payors spreadsheet (Bates No. SOUTHEASTERN 398198);
e) Expert report of Dr. Leslie Schafer, dated 3.1.2019;
f) Exhibit 1 to Dr. Schafer Expert Report 3.1.2019;
g) Exhibit 2 to Dr. Schafer Expert Report 3.1.2019;
h) Exhibit 3a to Dr. Schafer Expert Report 3.1.2019;
i) Exhibit 3b to Dr. Schafer Expert Report 3.1.2019;
j) Exhibit 4 to Dr. Schafer Expert Report 3.1.2019;
k) Exhibit 5a to Dr. Schafer Expert Report 3.1.2019;
l) Exhibit 5b to Dr. Schafer Expert Report 3.1.2019;

- m) Exhibit 5c to Dr. Schafer Expert Report 3.1.2019;
- n) Exhibit 6 to Dr. Schafer Expert Report 3.1.2019;
- o) Exhibit 7a to Dr. Schafer Expert Report 3.1.2019;
- p) Exhibit 7b to Dr. Schafer Expert Report 3.1.2019;
- q) Exhibit 7c to Dr. Schafer Expert Report 3.1.2019;
- r) Exhibit 7d to Dr. Schafer Expert Report 3.1.2019;
- s) Exhibit 7e to Dr. Schafer Expert Report 3.1.2019;
- t) Exhibit 8 to Dr. Schafer Expert Report 3.1.2019;
- u) Supplemental expert report of Dr. Leslie Schafer, dated 3.14.2019;
- v) Exhibit 1 to Dr. Schafer Supplemental Expert Report 3.14.2019;
- w) Exhibit 2 to Dr. Schafer Supplemental Expert Report 3.14.2019;
- x) Rebuttal expert report of Dr. Leslie Schafer, dated 5.22.2019;
- y) Exhibit 1 to Dr. Schafer Rebuttal Expert Report 5.22.2019;
- z) Exhibit 2 to Dr. Schafer Rebuttal Expert Report 5.22.2019;
- aa) Exhibit 3 to Dr. Schafer Rebuttal Expert Report 5.22.2019;
- bb) Exhibit 4 to Dr. Schafer Rebuttal Expert Report 5.22.2019;
- cc) P-12   Second supplemental expert report of Dr. Leslie Schafer, dated 7.6.2020;
- dd) Exhibit 1 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- ee) Exhibit 2 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- ff) Exhibit 3 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- gg) Exhibit 4 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- hh) Exhibit 5 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- ii) Exhibit 6 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- jj) Exhibit 7a to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- kk) Exhibit 7b to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- ll) Exhibit 7c to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- mm) Exhibit 8 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- nn) Exhibit 9a to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
- oo) Exhibit 9b to Dr. Schafer Second Supplemental Expert Report 7.6.2020;

14

pp) Exhibit 9c to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
qq) Exhibit 9d to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
rr) Exhibit 9e to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
ss) Exhibit 10 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
tt) Exhibit 11 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
uu) Exhibit 12 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
vv) Exhibit 13 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
ww) Exhibit 14 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
xx) Exhibit 15 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
yy) Exhibit 16 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
zz) Exhibit 17 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
aaa) Exhibit 18 to Dr. Schafer Second Supplemental Expert Report 7.6.2020;
bbb) Composite Exhibit 6 to expert report of Kevin O'Brien;
ccc) NovaSys Contract dated 2011 (SOUTHEASTERN 003804 – 003806);
ddd) Georgia Order;
eee) All iterations of the Insurance Companies' Non-Par Payment Policy;
fff) Insurance Cards (CELTIC 002157 – 002159);
ggg) Email Chain (CELTIC 002135 - 002142);
hhh) eHealthInsurance webpage (SOUTHEASTERN 005783 – 005786);
iii) Ambetter of Arkansas Health Insurance Marketplace Plans
jjj) Ambetter of Arkansas EOB and EOP documents (CELTIC 001312 – 001395);
kkk) AID Letter (CELTIC –1167 – 001172);
lll) Celtic and Novsys Contract (CELTIC 011817 and CELTIC 11869);
mmm) Letter from Bryan Meldrum dated 2.12.2018 (SOUTHEASTERN 000553 – 000555);
nnn) Defendants' Answer to the Second Amended Complaint;

15

ooo) To the extent Dr. Schafer issues any amended or supplemental report, SE Physicians will offer that amended or supplemental report and any exhibits to that report;
ppp) Communications between the parties;
qqq) Arkansas Insurance Department 2015 Annual Report (SOUTHEASTERN 003881 – 003920);
rrr) Arkansas Insurance Department 2016 Annual Report (SOUTHEASTERN 003921 – 003960);
sss) Arkansas Insurance Department 2017 Annual Report (SOUTHEASTERN 003961 - 004018);
ttt) Arkansas Insurance Department 2018 Annual Report (SOUTHEASTERN 004019 – 004078);
uuu) Celtic 2015 Statement (SOUTHEASTERN 004079 – 004131);
vvv) Celtic 2016 Statement (SOUTHEASTERN 004132 – 004185);
www) Celtic 2017 Statement (SOUTHEASTERN 004186 – 004241);
xxx) Celtic 2018 Statement (SOUTHEASTERN 004242 – 004300);
yyy) Celtic 2019 Statement;
zzz) Centene 2014 10k (SOUTHEASTERN 004301 – 004427);
aaaa) Centene 2015 10k (SOUTHEASTERN 004428 – 004581);
bbbb) Centene 2016 10k (SOUTHEASTERN 004582 – 004726);
cccc) Centene 2017 10k (SOUTHEASTERN 004727 – 004989);
dddd) Centene 2018 10k (SOUTHEASTERN 004990 – 005135);
eeee) Centene 2019 10k (SOUTHEASTERN 005136 – 005285);
ffff) Celtic Rate Change Request Summaries and Supporting Documents 2018  (SOUTHEASTERN 005286 - 005287;
gggg) Celtic Rate Change Request Summaries and Supporting Documents 2019 (SOUTHEASTERN 005288 – 005778);
hhhh) 2015 MLR (SOUTHEASTERN 005779);
iiii) 2016 MLR (SOUTHEASTERN 005780);
jjjj) 2017 MLR (SOUTHEASTERN 005781);
kkkk) 2018 MLR SOUTHEASTERN 005782);
llll) Website Information (SOUTHEASTERN 005783 – 005786);
mmmm) Photographs (SOUTHEASTERN 005787 – 005791);
nnnn) QualChoice Coming Network Change (SOUTHEASTERN 398199);
oooo) Spreadsheet (SOUTHEASTERN 398214);
pppp) Ambetter Quick Reference Guide (SOUTHEASTERN 398215);
qqqq) Provider Manual (SOUTHEASTERN 398219);
rrrr) Arkansas Health & Wellness Solutions Receives Approval to Participate (SOUTHEASTERN 398399);
ssss) Novasys Health financial statements (SOUTHEASTERN (003895 – 003987);

- tttt) Publicly available information regarding defendants' entity names, trade names, logos, confusion of identities and registrations, or lack thereof;
- uuuu) SE Physicians may offer any filing of record in this matter or any discovery response served by Insurance Companies;
- vvvv) SE Physicians may offer any document served in response to any discovery request in this matter;
- wwww) SE Physicians may offer any document produced by Insurance Companies;
- xxxx) SE Physicians may offer any document attached as an exhibit to any deposition in this matter;
- yyyy) Other documents may be offered solely for impeachment or cross-examination purposes and cannot be anticipated at this time; and
- zzzz) SE Physicians reserves the right to offer all filings in this litigation.

By identifying any document or tangible item in its list of potential exhibits, SE Physicians does not waive any right or objection it has with regard to the admissibility of the document or tangible item. SE Physicians further reserves the right to add to or amend this list as trial preparations continue and some documents were produced by the Insurance Companies as late as end of business day, July 10, 2020.

12. **List and Description of Charts, Graphs, Models, and Similar Objects Which Will Be Used in Opening Statement or Closing Argument**

SE Physicians may use enlargements of documents and items otherwise offered into evidence or used to illustrate the facts of the case and any witness's testimony, including portions of transcripts, videos, expert reports and exhibits to same, and documents outlining the claimed damages.

SE Physicians reserves the right to prepare for demonstrative purposes compilations and summaries of exhibits, as well as other demonstrative aids,

17

including, but not limited to, flip charts, dry-erase, chalk or other trial board drawings, animations, photographs, and other media and models.

13. **Name, Address, and Telephone Number of All Anticipated Witnesses**

| Name | Will Call/ May Call (Live/Deposition) | Fact/ Expert/ Liability/ Damages | Business Address & Telephone Number |
|---|---|---|---|
| Kent Bristow | **W (Live)** | **F/L/D** | Plaintiff's Counsel |
| Heather Kibler | **M (Live)** | **F/L/D** | Plaintiff's Counsel |
| Eddie Ocasio | **M (Live)** | **F/L/D** | Plaintiff's Counsel |
| Leslie Schafer | **W (Live)** | **E/D** | Plaintiff's Counsel |
| Jennifer Shrader | **M (Live)** | **F/L/D** | Plaintiff's Counsel |
| Tammie Tibbits | **W (Live)** | **F/L/D** | Plaintiff's Counsel |
| Stanley Thompson, M.D. | **W (Live)** | **F/L/D** | Plaintiff's Counsel |
| Chepeka McKinney | **M (Live)** | **F/L** | Defense Counsel |
| Bryan Meldrum | **M (Live)** | **F/L/D** | Defense Counsel |
| Kevin O'Brien | **M (Live or Depo)** | **E/D** | Defense Counsel |
| Joel Portman | **M (Live or Depo)** | **F/L** | Defense Counsel |
| John Ryan | **M (Live)** | **F/L/D** | Defense Counsel |
| Kimberly Suggs | **M (Live)** | **F/L** | Defense Counsel |

All of the defense witnesses that SE Physicians currently anticipates calling are within the subpoena power of the Court and have been or will be served with a trial subpoena. As such, SE Physicians is not designating the deposition testimony of any witness. To the extent that it should prove necessary to call one or more witnesses by deposition, SE Physicians will supplement these disclosures to designate specific testimony.

14. **Status of Discovery**

Discovery is complete.

18

**15. Suggestions for Expediting Disposition of the Action**

None, apart from granting SE Physicians' pending and anticipated motions.

**16. Estimated Length of Trial**

5 days.

SE Physicians reserves the right to identify additional witnesses and information and will comply with the scheduling order.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, AR 72201
> Telephone: 501.371.0808
> Facsimile:  501.376.9442
> Email:   jhenry@wlj.com
>          mthompson@wlj.com
>          bdrennon@wlj.com
>
>
> By: Judy S. Henry
>     Judy Simmons Henry (84069)
>     Michael A. Thompson (2010146)
>     Baxter D. Drennon (2020147)
>
>     *Attorneys for Southeastern Emergency Physicians, LLC*