

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 8 2020

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK



## COURT'S INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions because all instructions, whenever given and whether in writing or not, must be followed.

## COURT'S INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## COURT'S INSTRUCTION NO. 3

In considering the evidence, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

## COURT'S INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" consists of the testimony of witnesses, and the documents received as exhibits. You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence.

Certain things are not evidence. I will list those things again for you now:

1.     Statements, arguments, questions and comments by the attorneys are not evidence.

2.     Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Anything you saw or heard about this case outside the courtroom is not evidence.

4

COURT'S INSTRUCTION NO. 5

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

## COURT'S INSTRUCTION NO. 6

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory, knowledge, education, and experience; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

COURT'S INSTRUCTION NO. 7

Unless otherwise instructed, a party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case.

"Preponderance of the evidence" means the greater weight of evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

The greater weight of the evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If, upon any issue, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

7

Finally, you have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

COURT'S INSTRUCTION NO.  8

The parties do not dispute that plaintiff and NovaSys Health entered into the September 2011 contract.  The parties dispute whether the contract applies to the Ambetter policy holders.

It is your duty to interpret the contract in light of the evidence received at trial to determine whether the contract applies to Ambetter policy holders.

In making this determination, you must take into consideration the language of the contract, the circumstances surrounding the making of the contract, the subject of the contract, the purpose of the contract, the situation and relation of the parties at the time the contract was made, and the parties' subsequent course of performance.

## COURT'S INSTRUCTION NO. 9

The parties dispute whether the defendants did what the September 2011 contract required of them. A party's failure to do what a contract requires of it is a "breach" of the contract.

## COURT'S INSTRUCTION NO. 10

Plaintiff claims that defendants breached the September 2011 contract and has the burden of proving each of four essential propositions:

First, that plaintiff and defendants had an express contract;

Second, that the contract required defendants to perform or not to perform a certain act;

Third, that plaintiff did what the contract required of it; and

Fourth, that defendants did not do what the contract required.

## COURT'S INSTRUCTION NO. 11

You should give the words of a contract their plain, ordinary, and usual meaning, unless it is clear that certain words were intended to be used in a technical sense.

## COURT'S INSTRUCTION NO. 12

You should interpret words or phrases associated with a particular trade or occupation as experienced and knowledgeable members of that trade or occupation use them, unless the evidence discloses that the parties used them in a different sense.

## COURT'S INSTRUCTION NO. 13

You should give weight to the meaning placed on the language by the parties themselves, as shown by their statements, acts, or conduct after the contract was made.

## COURT'S INSTRUCTION NO. 14

The parties' intent may be shown by their prior course of dealing.  A "course of dealing" is conduct between the parties before the making of their contract that can be fairly regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

COURT'S INSTRUCTION NO. 15

The parties' intent may be shown by custom in the trade.  A "custom in the trade" is any practice or method of dealing that is uniform, reasonable, and so well established in the trade as to justify an expectation that it will be observed with respect to the contract in question.

16

COURT'S INSTRUCTION NO. 16

The express language of a contract and any applicable course of performance, course of dealing, or custom in the trade, as previously defined for you, should be interpreted to be consistent with each other if such an interpretation is reasonable.

If such an interpretation is not reasonable, the express terms of a contract should be given greater weight than course of performance, course of dealing, and custom in the trade.   Course of performance should be given greater weight than course of dealing or custom in the trade.   Course of dealing should be given greater weight than custom in the trade.

17

COURT'S INSTRUCTION NO. 17

A contract must be interpreted as a whole. The different clauses of the contract must be read together and interpreted, if possible, so that all of the parts are consistent with each other. An interpretation that fails to give effect to any provision of a contract cannot be adopted if the contract can be interpreted in a way that gives effect to all of its provisions.

18

COURT'S INSTRUCTION NO.  18

If you find that the September 2011 contract applies to Ambetter policy holders, you must then fix the amount of money that plaintiff proved will reasonably and fairly compensate it for the damages resulting from the breach of contract.

In order to fairly compensate plaintiff, any award should put plaintiff in no better position than it would have been in if both plaintiff and defendants had performed all of their promises under the contract.

The element of damage that plaintiff claims is:

75% of plaintiff's billed charges for the health insurance claims at issue in this case minus the amounts the defendants paid plaintiff on the health insurance claims.

Whether the damages claimed by plaintiff have been proved by the preponderance of the evidence is for you to determine.

19

## COURT'S INSTRUCTION NO. 19

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party.  You are judges—judges of the facts.  Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you.  Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.   Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

Finally, the verdict form is your written decision in this case.  The form reads: [read form].  You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

# **VERDICT FORM**

Complete this form by answering he following questions.

1.  Did plaintiff Southeastern Emergency Physicians, LLC prove by a preponderance of the evidence the September 2011 contract [Plaintiff's Exhibit 1] applies to Ambetter policy holders?

    _____
                   Yes or No

If you answered yes to question 1, then you must answer question 2.  If you answered no to question 1, then your service is complete.  Have the foreperson sign and turn in the verdict form.

2.  We find plaintiff Southeastern Emergency Physicians, LLC's damages to be:

    $_____

                                          _____
                                          Foreperson

                                          Dated: _____